DJW/bh

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**SAMUEL K. LIPARI,**

**Plaintiff,**

**CIVIL ACTION**

**v.**

**No. 07-2146-CM-DJW**

**U.S. BANCORP, N.A., et al.,**

**Defendants.**

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Compel Discovery Responses (doc. 85).  Defendants seek an order compelling Plaintiff to respond to Defendants' First Set of Requests for Production. Defendants also seek an order compelling Plaintiff to serve complete responses to First Interrogatories No. 1, 3, 5-14, 16-17, and 21.

Plaintiff has not responded to Defendant's Motion to Compel.  The Court typically grants unopposed motions as uncontested.[1]  Despite Plaintiff's lack of opposition, the Court has reviewed the merits of Defendants' Motion.  The Court finds that Defendants' arguments are well taken and that the Motion should be granted.

**I.      First Set of Requests for Production**

Plaintiff has not served *any* responses to Defendants' First Set of Requests for Production. Plaintiff shall produce all documents responsive to Defendants' First Set of Requests for Production within **fourteen (14) days** of the date of this Order.  Said production shall take place at the offices

---

[1]*See*  D. Kan. Rule 7.4 ("If a respondent fails to file a response within the time required . . . the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice.").

of Defendants' counsel or at any other location agreed upon by the parties.   Because Plaintiff has

failed to serve any timely objections to the requests, any and all objections that Plaintiff may have

to the requests have been waived.[2]  Accordingly, Plaintiff shall produce *all* responsive documents,

without the assertion of any objections.

## II.  First Interrogatories No. 1, 3, 5-14, 16-17, and 21

The Court has reviewed Plaintiff's answers to these interrogatories and finds them to be

incomplete and deficient as stated by Defendants in their supporting memorandum (doc. 86).

Plaintiff shall, within **fourteen (14) days** of the date of this Order, serve supplemental responses that

cure the deficiencies noted in Defendants' supporting memorandum.  In addition, in response to First

Interrogatory No. 5, Plaintiff shall produce a copy or the original of the fully executed escrow

agreement that he agreed to provide, and shall do so within **fourteen (14) days** of the date of this

Order.

Plaintiff shall refrain from serving any supplemental interrogatory responses that refer

Defendants to his Complaint, other pleadings, or deposition transcripts.  It is well settled that a party

may not answer an interrogatory be generally referring to pleadings filed in the case or depositions

taken in this or other cases.[3]  Also, it is well established that, *absent full compliance with Federal*

---

[2]It is well settled that any objections to discovery requests which are not timely asserted are deemed waived, unless the responding party establishes good cause to excuse its failure to timely object.  *See, e.g., Brackens v. Shield,* No. 06-2405-JWL-DJW, 2007 WL 2122428, at *1 (D. Kan. July 20, 2007) ("[I]n the absence of good cause to excuse a failure to timely object to interrogatories or requests for production of documents, all objections not timely asserted are waived.");*Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 662 (D. Kan. 1999) ("[The Court] deems objections not initially raised as waived . . . .  The waiver or abandonment of objections also precludes their later assertion in a supplemental response.").

[3]*See, e.g., Willliams v. Sprint/United Mgmt. Co*, 235 F.R.D. 494, 501 (D. Kan. 2006) (continued...)

*Rule of Civil Procedure 33(d)*, a party may not answer an interrogatory merely by directing the propounding party to various documents produced in the case.[4]   Plaintiff must satisfy all requirements of Rule 33(d) is he wishes to produce business records in lieu of providing written answers to the interrogatories.

## III.   Attorney's Fees and Expenses

Defendants do not request an award of expenses or fees in connection with their Motion to Compel.[5] The Court must nevertheless address the issue, as Federal Rule of Civil Procedure 37(a)(5)(A) provides for the payment of the moving party's expenses if the motion to compel discovery is granted.  Under Rule 37(a)(5)(A), the Court *must*, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to compel to pay the movant's reasonable fees and expenses incurred in making the motion, including attorney's fees, unless (i) the movant filed the motion before attempting in good faith to obtain the discovery without court action,

---

[3](...continued)
("Plaintiffs may not answer the interrogatory by generally referring Defendant to the pleadings filed in this case, documents produced, opt-in questionnaires, depositions, or declarations."); *Starlight Int'l Inc. v. Herlihy,* 186 F.R.D. 616, 640 (D. Kan. 1999) ("A party may not properly answer an interrogatory by referring generically to testimony given upon deposition.").

[4]*See Williams*, 235 F.R.D. at 501 ("Absent compliance with Rule 33(d) or attachment of the appropriate documents, a responding party may not answer an interrogatory by directing the party propounding the interrogatory to find answers from previously produced documents or identified witness lists."); *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 680 (D. Kan. 2004) ("In some instances defendant answers the interrogatories simply by referring plaintiffs to documents. The court generally finds such practice unacceptable. . . . [However,] "an answering party may affirmatively elect to produce its business records in accordance with Fed. R. Civ. P. 33(d) as its response.").

[5]Defendants merely ask the Court to compel Plaintiff to provided the requested discovery and "to grant defendants what other relief to which they are justly entitled." Defs.' Mot. to Compel (doc. 85) at p.2.

(ii) the opposing party's response, objection or nondisclosure was substantially justified, or (iii) other circumstances make an award of expenses unjust.[6]

As Rule 37(a)(5)(A) expressly provides, a court may award expenses and fees only after it has given the parties an "opportunity to be heard."[7]  To satisfy this requirement, the Court, in this case, directs Plaintiff to show cause, in a pleading filed within **twenty (21) days** of the date of this Order, why he should not be required to pay the reasonable expenses and attorney's fees Defendants incurred in making the Motion to Compel.  Defendants shall have **eleven (11) days** thereafter to file a response thereto, if they so choose.  In the event the Court determines that expenses and fees should be awarded, the Court will issue an order setting forth a schedule for the filing of an affidavit reflecting the amount of expenses and fees that Defendants have incurred, and for the filing of any related briefs.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel Discovery Responses (doc. 85) is granted.

**IT IS FURTHER ORDERED** that Plaintiff shall, within **fourteen days** of the date of this Order, produce all documents responsive to Defendants' First Set of Requests for Production and serve supplemental responses to Defendants' First Interrogatories No. 1, 3, 5-14, 16-17, and 21.

**IT IS FURTHER ORDERED** that Plaintiff shall, within **twenty-one (21) days** of the date of this Order, show cause in a pleading filed with the Court, why he should not be required to pay

---

[6]Fed. R. Civ. P. 37(a)(5)(A) (Rule renumbered by Dec. 1, 2007 amendments).

[7]*McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 697 (D. Kan. 2000) (citing Fed. R. Civ. P. 37(a)(4) (now numbered Fed. R. Civ P. 37(a)(5)).

4

the reasonable fees and expenses that Defendants have incurred in making their Motion to Compel.

Defendants shall have **eleven (11) days** thereafter to file a response thereto.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 8th day of July 2008.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:     All counsel and *pro se* parties

5