DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**SAMUEL K. LIPARI,**

                **Plaintiff,**

                                            **CIVIL ACTION**

**v.**

                                            **No. 07-2146-CM-DJW**

**U.S. BANCORP, N.A., et al.,**

                **Defendants.**

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Compel Compliance with Rule 26(a)(1) (doc. 68). For the reasons set forth below, the Motion is granted in part and denied in part.

**I.**    **Background Information**

On April 20, 2007, Plaintiff served his initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). His disclosure statement listed 67 individuals and provided a generic identification for each person, such as "Antitrust," "Technology," "Contracting," "Funding," and "FBI." Other individuals were identified only as "Witness." No addresses or telephone numbers were provided for any of the 67 listed individuals.

Plaintiff's disclosure statement also listed thousands of documents,[1] many of which were only briefly described.[2] Some of the documents were also identified by Bates Stamp Numbers. Accompanying the disclosure statement was a CD containing the documents listed in the disclosure statement. The disc contains more than 11,000 pages of documents.

---

[1] The listing of documents is approximately 39 pages in length.

[2] For example, documents were identified as "Neil Marsh Invoice," "Article When Private Goes Public," "Vendor Rating a GPO Model."

After the instant Motion to Compel was filed, Plaintiff served a supplemental disclosure statement that lists the names of 34 individuals. All but one of the 34 individuals listed in the supplemental statement were also listed in the initial statement. Unlike the initial statement, the supplemental statement provides addresses for 14 of the listed individuals.

Defendants seek an order directing Plaintiff to amend his disclosures. Defendants contend that Plaintiff's witness disclosures are deficient because Plaintiff fails to provide the telephone numbers and addresses for the individuals disclosed, and the subjects of those individuals' knowledge. Defendants assert that Plaintiff's document disclosures are deficient because Plaintiff has disclosed thousands of pages of documents that are not only irrelevant to his claims but do not even pertain to this lawsuit. Defendants also contend that Plaintiff's document disclosures are deficient because the written listing of documents is "not organized by category."[3]

In his brief opposing the Motion to Compel, Plaintiff explains that he "has now supplemented his disclosures to include the addresses he knows,"[4] but states that "[t]he majority of witnesses . . . come from the defendants."[5] He also states that in his initial disclosures he "included the relevant documents to the plaintiff's claims and factual averments in his complaint."[6] In addition, he explains that he "has served the documents to the defendants in indexed form on a conveniently searchable disc, with an informative description of each."[7]

---

[3] Defs.' Mem. in Supp. of Defs.' Mot. to Compel (doc. 70) at p. 4.

[4] Pl.'s Mem. In Opp. to Defs.' Mot. to Compel (doc. 75) at p. 1.

[5] *Id.* at p. 7.

[6] *Id.* at p.1.

[7] *Id.* at p. 7.

In their reply, Defendants state that it is unclear whether Plaintiff's supplemental list of 34 individuals is intended to replace the list of 67 individuals disclosed in Plaintiff's initial disclosure statement or whether it is simply another list that further identifies some of the initially disclosed 67 individuals. In addition, Defendants point out that Plaintiff has failed to provide the subject matter of the discoverable information known by any of the 34 individuals listed in the supplemental disclosure statement. Defendants further state that the disc provided by Plaintiff is not searchable and is, in fact, password protected, which prevents the documents from being searched or re-created in .pdf format. Defendants concede, however, that they have been able "to view" each of the 11,000 pages of documents that are on the disc.[8]

## II. Discussion

### A. Disclosure of Witnesses

Rule 26(a)(1)(A)(i) provides for the disclosure of certain individuals who are likely to have discoverable information about the case. It provides that a party must provide to the other parties:

> the name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.][9]

---

[8] Defs.' Reply (doc. 79) at p. 1

[9] Fed. R. Civ. P. 26(a)(1)(A)(i).

3

Thus, under Rule 26(a)(1)(A)(i), Plaintiff was required to provide the following information about any individuals likely to have discoverable information that he may use to support his claims or defenses:

- person's name;

- person's telephone number and address, if known by Plaintiff; and

- the subject of the discoverable information known by that person.

As noted above, Defendants fault Plaintiff's witness disclosures for three main reasons. First, Defendants contend that Plaintiff has failed to adequately identify the subject of the discoverable information known by each individual. This Court has found only a handful of cases that address the degree of specificity required under Rule 26(a)(1)(A)(i) regarding the subject of the discoverable information known by the potential witness.[10] Some guidance, however, can be gleaned from Federal Rule of Civil Procedure 26(g)(1), which provides that initial disclosures must

---

[10]*See, e.g., Lobato v. Ford*, No. 05-cv-01437-LTB-CBS, 2007 WL 2593485, at *5 (D. Colo. Sept. 5, 2007) ("While a party is not necessarily required to provide a minute recitation of the putative witness' knowledge, the Rule 26(a)(1)(A) disclosure should indicate briefly the general topics on which such persons have knowledge."); *Hertz v. Luzenac Am., Inc.,* No. 04-cv-1961-LTB-CBS, 2006 WL 994431, at *7 (D. Colo. Apr. 13, 2006) ("[D]isclosures should provide the opposing party with enough useful information to make informed decisions regarding discovery and trial preparation"); *Sender v. Mann,* 225 F.R.D. 645, 650-51 (D. Colo. 2004) (holding that disclosures should be complete and detailed and should give opposing party more than "a laundry list of undifferentiated witnesses" and finding disclosures deficient where plaintiff identified brokers and investors as "having knowledge regarding the sale of promissory notes and the amounts owed to them pursuant to such notes" or "in some instances, having knowledge of other schemes attempted or contemplated by [Defendants]"); *Crouse Cartage Co. v. Nat'l Warehouse Inv. Co.*, No. IP02-071CTK, 2003 WL 23142182, at *1 (S.D. Ind. 2003) (holding that "initial disclosures should be complete and detailed, and should give the opposing party information as to the identification and location of persons with knowledge so that they can be contacted in connection with the litigation."); *see also generally City and County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003) (disclosures function "to assist the parties in focusing and prioritizing their organization of discovery.").

be based upon a "reasonable inquiry" by counsel or the disclosing party, and must be "complete and correct as of the time [they] are made."[11]  Guidance is also provided by the Advisory Committee's Note to the 1993 amendments, which states that a "major purpose of the [Rule] is to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information, and the rule should be applied in a manner to achieve those objectives."[12] Furthermore, the Advisory Committee explains:

> [The parties] are expected to disclose the identity of those persons who may be used by them as witnesses or who, if their potential testimony were known, might reasonably be expected to be deposed or called as a witness by any of the other parties. Indicating briefly the general topics on which such persons have information should not be burdensome, and will assist other parties in deciding which depositions will actually be needed.[13]

Thus, while a party is not required to provide a detailed narrative of the potential witness' knowledge, the Rule 26(a)(1)(A) disclosure should provide enough information that would allow the opposing party to help focus the discovery that is needed and to determine whether a deposition of a particular person identified as a potential witness might be necessary.  Clearly, Plaintiff's witness disclosures do not meet this standard.  It is difficult to understand how Plaintiff's generic descriptions of "Technology, "Communications,""FBI," etc.,  for these potential witnesses could

---

[11]Fed. R. Civ. P. 26(g)(1).

[12]Fed. R. Civ. P. 26(a) advisory committee's note (1993 amendment); *see also Biltrite Corp. v. World Road Markings, Inc*., 202 F.R.D. 359, 362 (D. Mass. 2001) ("The obvious purpose of the disclosure requirement of Rule 26(a)(1)(A) is to give the opposing party information as to the identification and location of persons with knowledge so that they can be contacted in connection with the litigation. . . .").

[13]Fed. R. Civ. P. 26(a) advisory committee's note (1993 amendment).

help focus the discovery efforts of Defendants or assist Defendants in determining whether a deposition of a particular listed individual might be necessary.

Plaintiff may not excuse his compliance with this requirement merely because, as Plaintiff puts it, most of the identified individuals "come from the defendants."[14] The Rule requires the disclosing party to identify those individuals who may have discoverable information that the disclosing party may use to support *its own* claims and defenses.[15] In other words, Plaintiff need only disclose those individuals that may have discoverable information that *Plaintiff himself* may use to support his claims or defenses. Once he makes that determination and identifies certain persons, he must provide a sufficient description of the discoverable knowledge that he believes they possess.

Defendants also find fault with Plaintiff's witness disclosures because Plaintiff fails to list addresses for many of the individuals and fails to list telephone numbers for all of them. Also, it is unclear whether the supplemental disclosure statement is intended to merely supplement the initial disclosure statement or to take its place.

Rule 26(a)(1)(A)(i) requires the disclosing party to provide the name and telephone numbers of the individuals only "if known" by the disclosing party  Thus, Plaintiff can be compelled to provide addresses and telephone numbers only if that information is known to him. Assuming that information is known to him, he is not excused from providing it merely because he believes Defendants already have knowledge of these individuals and their contact information.

---

[14]Pl.'s Mem. In Opp. to Defs.' Mot. to Compel (doc. 75) at p. 7.

[15]*See* Rule 26(a)(1)(A)(i) (party must disclose each individual "likely to have discoverable information . . . that the disclosing party may use *to support its claims or defenses*, unless the use would be solely for impeachment." (Emphasis added.)

In light of the foregoing, the Court directs Plaintiff to serve amended Rule 26(a)(1)(A)(i) disclosures that take the place of his initial and supplemental disclosures[16] and which provide sufficiently detailed information regarding the subject of each potential witness' knowledge. In addition, the amended disclosures shall provide each individual's address and telephone number, if known to Plaintiff. Finally, Plaintiff shall insure that any individuals listed are those who he believes are likely to have discoverable information that he may use to support *his claims or defenses in this particular lawsuit.* These amended disclosures shall be served on Defendants by **July 30, 2008.**

### B.     Disclosure of Documents

Rule 26(a)(1)(A)(ii) requires a party to provide to the other parties in the lawsuit "a copy — or a description by category and location — of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."[17] To comply with the Rule, then, Plaintiff was required to provide Defendants with the following:

● either a copy or a description by category and location, of all documents, electronically stored information, and tangible things;

● that are in Plaintiff's possession, custody or control; and

● that Plaintiff may use to support his claims or defenses in this lawsuit.

Defendants essentially argue that the first and third of these requirements have not meet satisfied.

---

[16] This should end any confusion as to whether the supplemental disclosures were intended to replace the initial disclosures.

[17] Fed. R. Civ. P. 26(a)(1)(A)(ii).

7

With respect to the first requirement, Defendants assert that Plaintiff's written descriptions of the indexed documents are "far from informative"[18] and that the disc of documents provided by Plaintiff is password protected so that Defendants cannot search it and cannot re-create the documents in .pdf format. Defendants do not dispute, however, that they have been able to review all of the documents that are found on the disc.[19]

The Court finds that Plaintiff has complied with the first requirement by providing the disc to Defendants. By doing so, Plaintiff, in effect, provided a "copy" (albeit in electronic form) of each of the disclosed documents. The Rule is written in the disjunctive; Plaintiff may provide either a copy *or* a description of the documents by category and location. As Plaintiff provided a copy, he was not required to provide a description. It is thus immaterial that he may have provided insufficient descriptions of his documents on his written index of documents. Furthermore, there is no requirement that Plaintiff provide Defendant with a disc of the documents that is "searchable" or that allows the documents contained on it to be converted to .pdf format. Defendants concede that they have been able to review each of the documents contained on the disc; thus, whether the disc is searchable or allows the documents to be recreated in .pdf format is immaterial.

With respect to the third requirement, Defendants argue that none of the thousands of pages of documents that Plaintiff has disclosed is relevant to this case. More specifically, Defendants argue that Plaintiff's disclosures are a duplicate of what he served in another case, *Lipari, et al. v. General Electric*, *et al.*, Case No. 0616-CV7421, filed in the Circuit Court of Jackson County,

---

[18]Defs.' Reply (doc. 79) at p. 2.

[19]*Id.*

Missouri ("*General Electric* case").[20] According to Defendants, those documents are unrelated to this case because the *General Electric* case involves different defendants and different facts.

Plaintiff argues that Defendants are incorrect when they argue that his document disclosures must be deficient because they are the same document disclosures made in the *General Electric* case. Plaintiff argues that both this case and *General Electric* stem from the same underlying facts. He states that "both cases cover the same events and rely on the same determination of Medical Supply Chain, Inc.'s income if [Defendants] had not breached their contracts with Medical Supply Chain, Inc." and engaged in the other wrongful acts alleged in Plaintiff's Complaint.[21] Plaintiff further states that he has disclosed "the documents related to the launch of his business and his claims against the defendants that the plaintiff will likely be using in court before a jury."[22]

Not having reviewed the documents at issue and not being intimately familiar with the facts and allegations of this case, or for that matter, the *General Electric* case, the Court is not in a position to determine whether each and every document disclosed by Plaintiff is one that he might use to support his claims and defenses. The Court declines to enter an order, based upon nothing more than doubt and speculation, that would require Plaintiff to remove certain documents from his disclosures. The Court will, however, direct Plaintiff to file a supplemental Rule 26(a)(1)(A)(ii) disclosure statement in which he makes an affirmative statement that the documents listed on his initial Rule 26(a)(1)(A)(ii) written disclosure statement, and contained on the disc provided to

---

[20]Plaintiff states that the *General Electric* case is now filed in the Western District of Missouri, Case No. 07-0849-CV-W-FJG. Pl.'s Mem. in Opp. to Defs.' Mot. to Compel (doc. 75) at p. 1.

[21]*Id.* at p.3.

[22]*Id.* at p. 5.

9

Defendants, are documents that he (1) has in his possession, custody, or control, and (2) may use to support his claims or defenses in this case. To the extent Plaintiff has disclosed documents that fall outside of this definition, he shall serve amended document disclosures that comply with Rule 26(a)(1)(a)(ii) and this Memorandum and Order. The supplemental disclosure statement or amended disclosures shall be served on Defendants by **July 30, 2008.**

### III.    Attorney's Fees and Expenses

Defendants do not expressly request an award of expenses or fees in connection with their Motion to Compel; they merely "request all . . . relief to which they are justly entitled."[23] The Court must look to Federal Rule of Civil Procedure 37(a)(5), which deals with the payment of expenses incurred in connection with motions to compel. Subsection (C) provides for the payment of the moving party's expenses if the motion to compel discovery is granted in part. It provides that the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."[24]

To satisfy the requirement that the parties be given the opportunity to be heard, the Court directs Plaintiff to show cause, in a pleading filed on or before **August 13, 2008**, why he should not be required to pay a portion of the reasonable expenses and attorney's fees Defendants incurred in making their Motion to Compel. Defendants shall have until **August 24, 2008** to file a response thereto, if they so choose. In the event the Court determines that expenses and fees should be awarded and apportioned, the Court will issue an order setting forth a schedule for the filing of an

---

[23] Defs.' Mem. in Supp. of Mot. to Compel (doc. 70) at p. 5.

[24] Fed. R. Civ. P. 37(a)(5)(C).

affidavit reflecting the amount of expenses and fees that Defendants have incurred, and for the filing of any related briefs.

### IV.     Other Relief

Defendants ask that the Court caution Plaintiff that any further discovery abuses may result in severe sanctions, including the possible dismissal of his claims.  The Court declines to enter such an order, finding that Defendants have not shown that Plaintiff has engaged in discovery abuses in connection with his Rule 26(a)(1) disclosures.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel Compliance with Rule 26(a)(1) (doc. 68) is granted in part and denied in part, as set forth herein..

**IT IS FURTHER ORDERED** that, on or before **July 30, 2008**, Plaintiff shall serve an amended Rule 26(a)(1)(A)(i) witness disclosure statement in compliance with this Memorandum and Order.

**IT IS FURTHER ORDERED** that, on or before **July 30, 2008**, Plaintiff shall serve a supplemental Rule 26(a)(1)(A)(ii) document disclosure statement or amended Rule 26(a)(1)(A)(ii) document disclosures in compliance with this Memorandum and Order.

**IT IS FURTHER ORDERED** that, on or before **August 13, 2008**, Plaintiff shall show cause in a pleading filed with the Court, why he should not be required to pay a portion of the reasonable fees and expenses that Defendants incurred in making their Motion to Compel. Defendants shall have until **August 24, 2008** to file a response thereto.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 22nd day of July 2008.

s/ David J. Waxse  
David J. Waxse  
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties