DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**SAMUEL K. LIPARI,**

          **Plaintiff,**

                              **CIVIL ACTION**

**v.**

                              **No. 07-2146-CM-DJW**

**U.S. BANCORP, N.A., et al.,**

          **Defendants.**

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Amend Petition (doc. 101). For the reasons set forth below, the Court denies the motion.

**I.**    **Background Information**

Plaintiff filed this action on November 28, 2006 in the Circuit Court of Jackson County, Missouri. On December 13, 2006, Defendants removed the case to the United States District Court for the Western District of Missouri, based on diversity jurisdiction. The District Court for the Western District of Missouri transferred the case to this District. Plaintiff's Petition asserts claims for breach of contract, fraud, misappropriation of trade secrets under R.S.Mo. § 417.450, breach of fiduciary duty, and prima facie tort.

This Court held a scheduling conference on January 11, 2008, at which time the Court set a March 1, 2008 deadline for filing motions to join additional parties or otherwise amend the pleadings.[1] In addition, the Court set a July 1, 2008 deadline for completing discovery, a July 30,

---

[1] Scheduling Order (doc. 5), ¶ 3.a.

2008 pretrial conference, and an August 15, 2008 dispositive motion deadline.[2] Trial was set for March 2, 2009. On July 23, 2008, the Court converted the pretrial conference to a telephone status conference to take up Plaintiff's motion to stay proceedings.[3]

Plaintiff filed the instant Motion to Amend on July 18, 2008, more than three and one-half months after the March 1, 2008 deadline for filing motions to amend, and more than two weeks after the close of discovery. Plaintiff is proceeding in this action *pro se.*

Two motions to dismiss have been filed in this case. The first motion was granted in part on November 16, 2007 (*see* doc. 39). Defendants filed a second motion to dismiss (doc. 43) on December 19, 2007, and that motion is pending before the District Court Judge.

## II.     Plaintiff's Proposed Amendments

In support of his motion, Plaintiff asserts that his initial petition "was written for a Missouri state court forum,"[4] and that his amendments are intended "to correct any deficiencies found in the second dismissal."[5] Plaintiff's motion does not include "a concise statement" of the proposed amendments, as required by D. Kan. Rule 15.1. He merely states that "[t]he amended text is between paragraphs 257 and 258 on pages 70 to 73."[6]

Plaintiff attaches a copy of the proposed Amended Petition, in which he adds a new cause of action under Count VI. It is entitled:

---

[2]*Id.*, ¶ 2.b., 3.c., and 4.b.

[3]*See* Order (doc. 104).

[4]Pl.'s Mot. for Leave to Amend Pet. (doc. 101) at p.1.

[5]*Id.*

[6]*Id.*

Cause of Action for Declaratory and Injunctive Relief Against US Bank NA and US Bancorp That Subtitle B, Section 351 of the Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism (USA Patriot) Act of 2001 Amendment of 31 U.S.C. §5318(g) Violates the First and Fifth Amendments of the United States Constitution.[7]

Proposed Count VI consists of nine paragraphs, in which Plaintiff alleges, *inter alia*, that Defendants have deprived him of property and prevented him "from seeking redress in their role as the enforcement officers or agents of the government under 31 U.S.C. § 5318(g)."[8]  Under Count VI, Plaintiff requests that the Court declare 31 U.S.C. §5318(g)(2)(A)(i) unconstitutional and enjoin Defendants "from withholding documents related to their enforcement of the USA PATRIOT Act."[9]

Plaintiff argues that Defendants will not be prejudiced by the amendments.  He contends there is no potential for prejudice because "the audio recording and email shows the parties knew they were in contract and then later used the USA PATRIOT ACT to default on the contract."[10]

### III.  Standard for Ruling on a Motion to Amend

Pursuant to Federal Rule of Civil Procedure 15(a)(2), once a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[11]  Rule 15(a)(2) specifies that the court "freely give leave when justice so requires."[12]  Nonetheless, a court may refuse to grant leave to amend based on "undue delay, bad faith or dilatory

---

[7]Proposed Am. Pet., attached as Ex. 2 to Pl.'s Mot. for Leave to Amend Pet. (doc. 101).

[8]*Id.*, ¶ 257.2.

[9]*Id.*, ¶ 257.9.

[10]Pl.'s Mot. for Leave to Amend Pet. (doc. 101) at p. 2.

[11]Fed. R. Civ. P. 15(a)(2).

[12]*Id.*

motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[13]

When a motion is filed beyond the deadline for filing motions to amend, as in this case, the court must also take into account the good cause standard found in Rule 16(b)(4),[14] which provides that a scheduling order deadline "may be modified only for good cause and with the judge's consent."[15] Thus, when a motion to amend is filed beyond the Scheduling Order deadline, the court must first determine whether the moving party has established "good cause" within the meaning of Rule 16(b)(4) so as to justify allowing the untimely motion, and, only after determining that good cause has been established, will the Court proceed to determine if the Rule 15(a) standard for amendment has been satisfied.[16]

To establish good cause under Rule 16, the moving party must show that the deadline "could not have been met with diligence."[17] "Carelessness is not compatible with a finding of diligence and

---

[13]*Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

[14]*Boatright v. Larned State Hosp.*, No. 05-3183-JAR-KGS, 2007 WL 2693674, at *6 (D. Kan. Sept. 20, 2007); *McCormick v. Medicalodges, Inc.*, No. 05-2429-KHV-JPO, 2007 WL 471127 at *2 (D. Kan. Feb. 8, 2007).

[15]Fed. R. Civ. P. 16(b)(4).

[16]*See, e.g., Boatright*, 2007 WL 2693674, at *5 (applying two-part test); *McCormick*, 2007 WL 471127, at *2 (same); *Deghand v. Wal-Mart Stores, Inc.*, 904 F.Supp. 1218, 1221 (D. Kan. 1995) ("Because the plaintiff sought leave to amend her complaint after the deadline established in the pretrial scheduling order, Rule 16 of the Federal Rules of Civil Procedure is the plaintiff's first hurdle. . . . Rule 15 is the next hurdle for the plaintiff.").

[17] *Simpson v. Home Depot, Inc.*, 203 F.R.D. 643, 644 (D. Kan. 2001) (quoting *Denmon v. Runyon*, 151 F.R.D. 404, 407 (D. Kan. 1993)); *accord Deghand*, 904 F.Supp. at 1221 (the moving
(continued...)

offers no reason for a grant of relief."[18]  Furthermore, the lack of prejudice to the nonmovant does not show "good cause."[19]

## IV. Analysis

Plaintiff offers no explanation as to why he did not timely file his motion to add this new cause of action.  In addition, Plaintiff has not made any attempt to demonstrate why he could not have met the March 1, 2008 deadline through diligence.  He merely argues that Defendants will not be prejudiced by the amendments, that his amendments are intended "to correct any deficiencies found in the second dismissal,"[20] and that his Petition needs to be modified because it was initially drafted as a state court pleading.

Plaintiff's arguments are not persuasive.  As noted above, whether Defendants may or may not be prejudiced by the amendment is not a consideration in determining whether Plaintiff has established good cause for filing his motion to amend out of time.  Secondly, Plaintiff's assertion that the proposed amendments are intended to correct the deficiencies raised by Defendant's second motion to dismiss does not establish good cause for why he did not move to amend by the March 1, 2008 deadline.  Defendants filed their second motion to dismiss on December 19, 2007; yet Plaintiff waited seven months to file the instant motion to amend.  The same is true with respect to

---

[17](...continued)
party "must show that despite due diligence it could not have reasonably met the scheduled deadlines.").

[18]*Deghand*, 904 F.Supp. at 1221 (quoting *Johnson* v. *Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

[19]*Id.* (citations omitted).

[20]Pl.'s Mot. for Leave to Amend Pet. (doc. 101) at p. 1.

Plaintiff's contention that he needs to amend his Petition because it was drafted to be filed in state court, and not federal court. This case was removed to federal court in December 2006; yet Plaintiff did not move to amend until one and one-half years later.

In light of the above, the Court holds that Plaintiff has failed to demonstrate why he could not have met the March 1, 2008 amendment deadline with diligence, and, thus, has failed to establish "good cause" within the meaning of Rule 16(b)(4) so as to justify allowing his untimely motion. The Court is mindful that Plaintiff is proceeding *pro se* and that his filings must be liberally construed and held to a less stringent standard than pleadings filed by an attorney.[21] This requires that the Court look past any confusion of legal theories or failure to cite proper legal authority.[22] Despite this liberal standard, the Tenth Circuit has made it clear that a court is not allowed to craft arguments or theories for a *pro se* plaintiff in the absence of any discussion of those issues.[23] Thus, the Court will not attempt to speculate or formulate explanations as to why Plaintiff may have been unable to file his motion to amend by the March 1, 2008 deadline.

As Plaintiff has failed to satisfy Rule 16's good cause standard, the Court is not required to consider whether Plaintiff has satisfied the standard for amendment under Rule 15(a).[24] In light of

---

[21]*See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").

[22]*Id.*

[23]*Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[24]If the Court were to consider Plaintiff's motion under Rule 15(a), one factor the Court would consider is the potential for prejudice to Defendants. The Court finds that Defendants would be prejudiced by the introduction of a new cause of action at this late stage of the lawsuit — after discovery has been completed and with the dispositive motion deadline only a few weeks away. Such prejudice would be sufficient for the Court to deny Plaintiff leave to amend under Rule 15.

Plaintiff's failure to demonstrate good cause for filing his motion to amend out of time, the Court must deny the motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Amend Petition (doc. 101) is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 28th day of July 2008.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:    All counsel and *pro se* parties