DJW/bh

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**SAMUEL K. LIPARI,**

                    **Plaintiff,**

                                       **CIVIL ACTION**

**v.**

                                       **No. 07-2146-CM-DJW**

**U.S. BANCORP, N.A., et al.,**

                      **Defendants.**

## SECOND NOTICE AND ORDER TO SHOW CAUSE

TO THE PLAINTIFF SAMUEL K. LIPARI:

This case is before the Court on Defendants' Motion for Order to Show cause (doc. 118) relating to Plaintiff's failure to comply with the Court's July 8, 2008 discovery order (doc. 96). The case is also before the Court based on information the parties have provided the Court via e-mail regarding preparation of the parties' proposed pretrial order.

**I.     Defendants' Motion for Order to Show Cause Based on Plaintiff's Failure to Comply with the Court's July 8, 2008 Order**

Defendants move the Court for an order directing Plaintiff to show cause why this action should not be dismissed, or other sanctions imposed, based on Plaintiff's asserted failure to comply with a discovery order issued by the Court on July 8, 2008 (doc. 96). In that Order, the Court granted Defendants' Motion to Compel and directed Plaintiff to (1) serve supplemental responses to certain of Defendants' First Interrogatories, and (2) produce all documents responsive to Defendants' First Request for Production. On July 10, 2008, Plaintiff filed an Objection to the Order

(doc. 97), asking the District Judge to review the July 8, 2008 Order. Plaintiff, however, filed no motion to stay the Order pursuant to D. Kan. Rule 72.1.4(d).[1]

As Defendants point out, the mere filing of an objection to a Magistrate Judge's order, without applying for a stay, does not relieve a party of the obligation to comply with the order.[2] Thus, in this case, Plaintiff was not relieved of the obligation to comply with the Court's July 8, 2008 Order. Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), a court may impose a variety of sanctions against a party for failing to obey a discovery order, including dismissing the action in whole or in part.[3]

The Court finds that Defendants' Motion for Order to Show Cause is well taken. The Court therefore grants Defendants' Motion and directs Plaintiff to show cause to the District Judge, in a pleading filed by **September 8, 2008**, why this case should not be dismissed with prejudice, or other sanctions imposed, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), for failure to comply with the Court's July 8, 2008 Order regarding discovery.

## II. Failure to Participate in the Preparation of a Joint Proposed Pretrial Order

The pretrial conference is presently scheduled for August 28, 2008. The parties were directed to prepare a joint proposed pretrial order for submission to the Magistrate Judge by August

---

[1] D. Kan. Rule 72.1.4(d) provides that "[a]pplication for stay of a magistrate judge's order pending review of objections made thereto shall first be made to the magistrate judge."

[2] *See Kelly v. Market USA*, No. 01-4169-SAC, 2003 WL 21089075, at *2 (D. Kan. Apr. 11, 2003) ("Plaintiff was ordered to produce and respond to discovery, yet failed to do so. Plaintiff was not relieved from complying with the disputed order merely because he had filed an objection to it . . ., and made no application for a stay of the magistrate's non-dispositive order regarding discovery. Plaintiff's failure to comply with the terms of the order is unexcused.") (citations omitted).

[3] *See* Fed. R. Civ. P. 37(b)(2)(A)(v).

21, 2008.[4]  On August 21, 2008, Defendants' counsel informed the Court via e-mail that Plaintiff had failed to participate in the preparation of a joint proposed pretrial order.  Defendants' counsel stated that they had repeatedly submitted a draft pretrial order to Plaintiff and sought his input as required by local rule.  Counsel reported that despite their efforts, they had not received any comments or input from Plaintiff as to the proposed order.  As a result, Defendants could only submit their version of a proposed pretrial order with the following sections left blank:  Plaintiff's factual contentions, Plaintiff's theories of recovery, essential elements of Plaintiff's theories of recovery, and Plaintiff's damages.

Plaintiff subsequently e-mailed the Court with his own version of the proposed pretrial order, which he admitted is incomplete.  Plaintiff explained in his e-mail as follows:

> Attached is my version of the pretrial order.  It is incomplete because this court lost jurisdiction at the filing of the notice of appeal on July 11.  Every subsequent order has been void.  The plaintiff's notice of the lack of jurisdiction and controlling law is in the first section of the attached proposed plan.

Plaintiff's proposed pretrial order fails to include any factual contentions.  It also fails to provide an itemized list of his damages, including the dollar amounts sought.

Based on the above, it appears to the Court that Plaintiff has failed to satisfy his obligation to participate in the preparation of a joint proposed pretrial order. Pursuant to the Court's July 31, 2008 Order, which amended the initial Scheduling Order, the parties were to prepare a "proposed *joint* pretrial order"[5] for submission to the Court prior to the pretrial conference.  The Scheduling Order required that the proposed pretrial order be "in the form available on the court's website

---

[4] *See* Orders Amending Scheduling Order (doc. 108 & 109).

[5] Order Amending Scheduling Order (doc. 108) (emphasis added).

(*www.ksd.uscourts.gov*)."[6] D. Kan. Rule 16.2(a) also requires that the parties submit "a proposed final pretrial order in the prescribed form."[7]

Rule 16.2(a) explains that the parties have an obligation to confer and *jointly* prepare the proposed pretrial order. The Rule states:

> The parties have joint responsibility to attempt in good faith to formulate an agreed order which the judge can sign at the conference. If the parties disagree on any particulars, they are each to submit proposed language on the points in controversy, for the judge to rule on at the conference. To attempt in good faith to formulate an agreed order means more than mailing or faxing a form or letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so.[8]

The Court's "prescribed form" for the proposed pretrial provides detailed instructions to the parties as to the preparation of a joint proposed pretrial order and requires that the parties make a "joint effort" to submit a single proposed order.[9] The instructions are as follows:

> Before the pretrial conference, the parties must confer, draft, and timely submit to the court a proposed pretrial order in accordance with the scheduling order and D. Kan. Rule 16. The proposed pretrial order is to be a joint effort of all parties. The parties have an equal obligation to cooperate fully in drafting the pretrial order and to submit an agreed order that the judge can sign at the pretrial conference. It is essential that each party's factual contentions and legal theories be included. If the parties disagree on any particulars, they shall submit a single proposed order with bracketed notations revealing the nature of the disagreement in sufficient detail to enable the court to resolve the dispute at the conference. Submission of separate orders is not acceptable.[10]

---

[6] Scheduling Order (doc. 50), ¶4.b.

[7] D. Kan. Rule 16.2(a).

[8] *Id.*

[9] The form for the proposed pretrial order is found on the Court's website at www.ksd.uscourts.gov.

[10] *See* Pretrial Order Form at www.ksd.uscourts.gov (emphasis in original).

4

Here, the parties have submitted separate orders, and, based on the information provided in the parties' August 21, 2008 e-mails, it appears that Plaintiff has failed to cooperate in the process of preparing a joint proposed order. If that is indeed the case, Plaintiff is subject to sanctions. Pursuant to Federal Rule of Civil Procedure 16(f), a court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)" when a party "is substantially unprepared to participate — or does not participate in good faith — in the [pretrial] conference" or when the party "fails to obey a scheduling order or other pretrial order."[11]  As noted above, dismissal of the case in whole or part is one of the sanctions authorized under Rule 37(b)(2)(A).

In light of the foregoing, the Court directs Plaintiff to show cause, in a pleading filed by **September 8, 2008,** why this case should not be dismissed with prejudice, or other sanctions imposed, pursuant to Rules 16(f) and 37(b)(2)(A), based on Plaintiff's failure to participate in the preparation of a joint proposed pretrial order.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Order to Show Cause (doc. 118) is granted.

**IT IS FURTHER ORDERED** that Plaintiff Samuel K. Lipari is required to show cause to United States District Judge Carlos Murguia, in a pleading filed by **September 8, 2008**, why this case should not be dismissed with prejudice, or other sanctions imposed, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) for failure to comply with the Court's July 8, 2008 Order (doc. 96), and/or pursuant to Federal Rules of Civil Procedure 16(f) and 37(b)(2)(A) for failure to participate in the preparation of a joint proposed pretrial order.

---

[11] Fed. R. Civ. P. 16(f)(1)(B) & (C).

**IT IS SO ORDERED.**

**A copy of this Order shall be sent to Plaintiff Samuel K. Lipari by regular mail and certified mail, return receipt requested.**

Dated in Kansas City, Kansas on this 25th day of August 2008.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:   All counsel and pro se parties