## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SAMUEL K. LIPARI,**           ) | |
|                                ) | |
| **Plaintiff,**       ) | |
|                                ) | **CIVIL ACTION** |
| v.                             ) | |
|                                ) | **No. 07-2146-CM** |
|                                ) | |
| **US BANCORP NA and**           ) | |
| **US BANK NA,**                 ) | |
|                                ) | |
| **Defendants.**     ) | |
|                                ) | |

### MEMORANDUM AND ORDER

Plaintiff Samuel K. Lipari filed the instant action in Jackson County Circuit Court on November 28, 2006 (Jackson County Case No. 0616-CV-32307) against defendants US Bancorp NA and US Bank NA. On December 13, 2006, defendants removed the action to the United States District Court for the Western District of Missouri, Western Division, on the basis of diversity. On April 10, 2007, the United States District Court for the Western District of Missouri transferred the case to this court pursuant to 28 U.S.C. § 1404(a). This matter is before the court on Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) and Rule 8 of the Federal Rules of Civil Procedure (Doc. 43).

**I.   Background**

As assignee of Medical Supply Chain, Inc. ("Medical Supply" or "MSCI"), plaintiff brings the following five state-law claims against defendants, each under Missouri law: (1) breach of contract; (2) fraud; (3) trade secret misappropriation; (4) breach of fiduciary duty; and (5) prima facie tort. Defendants originally moved to dismiss plaintiff's claims in April 2007, arguing plaintiff lacked standing and the claims were barred by res judicata. The court denied the dismissal of the

claims that had been brought in prior lawsuits because the prior lawsuits dismissed the state-law claims without prejudice, and thus, there had been no final judgment on the merits. At the time of the court's order, the record did not clearly delineate which of plaintiff's current claims had been raised in the previous lawsuits and dismissed without adjudication on the merits. Accordingly, the court denied defendants' motion to dismiss without prejudice and required the parties to set forth which claims had been raised in the prior lawsuits. In their supplemental briefing, the parties agreed that all of the current claims were brought in the prior lawsuits—in other words, the claims had not been adjudicated on the merits and were not barred by res judicata.

On December 19, 2007, defendants filed their second motion to dismiss. This motion was filed after defendants filed their answer, but while discovery was ongoing.

## II.     Timeliness of Motion

Plaintiff argues that defendants' second motion to dismiss is prohibited under Federal Rule of Civil Procedure 12(g). Under Rule 12(g), any defense that is available at the time of the original motion that is not included in the original motion may not be the basis of a second pre-answer motion. Rule 12(h)(2), however, specifically preserves a party's right to file a motion to dismiss for failure to state a claim and provides for a post-answer motion for failure to state a claim under Rule 12(c). Fed. R. Civ. P. 12(h)(2)(B). "The distinction between [a Rule 12(b)(6) motion and a Rule 12(c) motion] is purely formal, because the court must review a Rule 12(c) motion under the same standard that governs a Rule 12(b)(6) motion." *Res. Ctr. for Indep. Living, Inc. v. Ability Res., Inc.*, 534 F. Supp. 2d 1204, 1207 (D. Kan. 2008) (citing *Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003)); *see also Fisher v. Lynch,* No. 07-2154-KHV, 2008 WL 2152053, at *1 (D. Kan. May 21, 2008) ("A motion for judgment on the pleadings under Rule 12(c) is governed by the same standards

-3-

as a motion to dismiss under Rule 12(b)(6)."). The court may treat a Rule 12(b)(6) motion as if it had been submitted under Rule 12(c). *Res. Ctr. for Indep. Living, Inc.*, 534 F. Supp. 2d at 1207 (treating the defendants' post-answer motion to dismiss as if it had been styled a Rule 12(c) motion for judgment on the pleadings); *Faulk v. Tiffany*, No. 99-2354-GTV, 2000 WL 714336, at *1 (D. Kan. May 23, 2000) (citing *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990)); *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980)). Because the same standard governs both motions, the court will consider defendants' Rule 12(b)(6) motion to dismiss as if it had been styled a Rule 12(c) motion for judgment on the pleadings. *Res. Ctr. for Indep. Living, Inc.*, 534 F. Supp. 2d at 1207.

### III.    Legal Standards

This court will grant a Rule 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face . . . or when an issue of law is dispositive." *Meyer v. Christie*, No. 07-2230-JWL, 2007 WL 3120695, at *4 (D. Kan. Oct. 24, 2007) (citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007); *Neitzke v. Williams*, 490 U.S. 319, 326 (1989)). While the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions, and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. *Id.*

"All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). The court construes any reasonable inferences from these facts in favor of the plaintiff. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006);

*Dudnikov*, 514 F.3d at 1070. The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

Where, as here, a plaintiff is proceeding pro se,[1] "[d]ismissal . . . for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (quotation omitted). But plaintiff's "pro se status does not relieve him from complying with the court's procedural requirements." *Barnes v. U.S.*, 173 F. App'x 695, 697 (10th Cir. 2006) (citations omitted); *see also Santistevan v. Colo. Sch. of Mines*, 150 F. App'x 927, 931 (10th Cir. 2005) (holding that a pro se litigant must follow the same rules of procedure as other litigants). He still "has the burden of alleging sufficient facts on which a recognizable legal claim could be based." *Jenkins*, 514 F.3d at 1033 (internal quotations omitted).

**IV.     Analysis**

    **A.     Choice of Law**

In a diversity matter, the court must apply the substantive law of the forum state, including its choice of law provisions. *Otis Elevator Co. v. Midland Red Oak Realty, Inc.*, 483 F.3d 1095, 1101 (10th Cir. 2007). Although this matter was transferred from the Western District of Missouri, "[t]he transfer of a case to another district does not alter the applicable law. The transferee court must apply the same law applicable in the transferor court." *Hill's Pet Prods., a Div. of Colgate-Palmolive Co. v. A.S.U., Inc.*, 808 F. Supp. 774, 776 n.3 (D. Kan. 1992); *see also Yoder v. Honeywell Inc.*, 104 F.3d 1215, 1219 (10th Cir. 1997) (applying choice of law rules of state in which

---

[1] On January 2, 2008, plaintiff's counsel withdrew at plaintiff's request.

-4-

the transferor state sits).  Thus, the court must apply Missouri's choice of law provisions.[2]  When determining choice of law issues, Missouri applies the law of the state with the most significant relationship to the action.  *Superior Equip. Co., v. Maryland Cas. Co.*, 986 S.W.2d 477, 480 (Mo. Ct. App. E.D. 1998) (discussing choice of law in contract actions); *Goede v. Aerojet Gen. Corp.*, 143 S.W.3d 14, 24–25 (Mo. Ct. App. E.D. 2004) (discussing choice of law in tort actions).  This requires a balancing of several factors, including the following factors: (a) the place of contracting; (b) the place of negotiation of the contract; (c) the place of performance; (d) the location of the subject matter of the contract; and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties.  *Superior Equip. Co., Inc.*, 986 S.W.2d at 480.

The complaint alleges the causes of action occurred in Jackson County, Missouri; the alleged contract was negotiated in Missouri; the alleged tortious conduct occurred in Missouri; plaintiff resides in Missouri; and the dissolved entity—Medical Supply—was incorporated and had its principal business location in Missouri.  Based on the allegations in the complaint, the court finds that Missouri has the most significant relationship with this case, and thus, Missouri law applies to plaintiff's claims.

### B.  **Breach of Contract**

Defendants argue that plaintiff has failed to allege a cognizable breach of contract claim because he failed to allege an agreement and consideration.  To state a cause of action for breach of contract under Missouri law, plaintiff must allege (1) an agreement between parties capable of contracting; (2) mutual obligations arising thereunder with respect to a definite subject matter; (3) a

---

[2] The result is the same under Kansas's choice of law provisions.  Kansas law applies the law of the state where the contract was formed or the tortious conduct occurred.  *Found. Prop. Invs., LLC v. CTP, LLC*, 159 P.3d 1042, 1046 (Kan. Ct. App. 2007); *Ling v. Jan's Liquors*, 703 P.2d 731, 735 (Kan. 1985).

valid consideration; (4) part performance by one party and prevention of further performance by the other; and (5) damages measured by the contract and resulting from its breach. *Scher v. Sindel*, 837 S.W.2d 350, 354 (Mo. Ct. App. E.D. 1992). To have an enforceable contract, there must be an agreement of the parties—or meeting of the minds—upon the terms of the contract. *Smith v. Hammons*, 63 S.W.3d 320, 325 (Mo. Ct. App. S.D. 2002). "The nature and extent of the contract's essential terms must be certain or capable of being certain." *Id.* The agreement is invalid when the parties have reserved the essential terms of the contract for future determination. *Id.* "Negotiations or preliminary steps towards a contract do not constitute a contract." *Gateway Exteriors, Inc. v. Suntide Homes, Inc.*, 882 S.W.2d 275, 279 (Mo. Ct. App. E.D. 1994) (citations omitted).

The basis for plaintiff's breach of contract claim is that plaintiff and Brian Kabbes of defendant U.S. Bank exchanged email negotiations regarding escrow services for Medical Supply and had agreed upon some or all of the terms, including the following factors: the fees for the escrow agent services; defendant U.S. Bank's compensation; the investment of long and short term held funds; the name of the escrow agent; and the payment schedule. (Complaint at ¶ 201.)[3] Plaintiff further alleges that defendants performed diligence to determine whether to contract with Medical Supply (*id.* at ¶ 202); and that Mr. Kabbes also requested corporate good standing documentation from Medical Supply, which was provided (*id.* at ¶ 203).

Plaintiff's allegations to not support a plausible "meeting of the minds." By plaintiff's own admission, the parties agreed to "some or all" of the terms. He alleges certain terms were supposedly agreed to, but fails to set forth the terms of the alleged contract or the substance of the email communications. Plaintiff has not pleaded a contract with any measure of definiteness and

---

[3] Plaintiff misnumbered paragraphs in the complaint. After paragraph 225 on page 45, he begins numbering the paragraphs with number 194. He misnumbers the paragraphs through the complaint.

-6-

certainty. There is nothing in the pleading to show whether the alleged contract was oral or written,[4] the terms of the contract, the amounts involved, the obligations of the respective parties, the measure of damages determined by the contract, or the time period of the terms. "In short, the pleading is so indefinite and uncertain that no cause of action for breach of contract is stated." *Yoest v. Farm Credit Bank of St. Louis*, 832 S.W.2d 325, 329 (Mo. Ct. App. W.D. 1992) (upholding dismissal of breach of contract claim for failure to state a claim because the plaintiffs did not plead a contract with any measure of definiteness and certainty).

Plaintiff's allegations merely support a finding that Medical Supply and defendant U.S. Bank were negotiating or discussing the possibility of an escrow contract—which does not constitute a contract. *Gateway Exteriors, Inc.*, 882 S.W.2d 275, 279. The allegations do not support a breach of contract claim. It is, therefore, not necessary to address the applicability of the statute of frauds, Mo. Rev. Stat. § 432.045. For the above mentioned reasons, plaintiff's breach of contract claim is dismissed.

### C. Fraud[5]

In order to make a submissible case of fraudulent misrepresentation, plaintiff must allege the following: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely

---

[4] Under Count I, breach of contract, plaintiff alleges the contract was written, but he alleges it was oral in Count II, fraud.

[5] Plaintiff improperly alleges new fraud claims in his response to defendants' motion. The allegations relate to defendants' and defendants' counsel's actions in this litigation. These claims are not properly before the court, and the court will not consider them.

thereon; and (9) the hearer's consequent and proximately-caused injury. *Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758, 765 (Mo. 2007). Allegations of fraud must be stated with particularity. Fed. R. Civ. P. 9(b); *Bohac v. Walsh*, 223 S.W.3d 858, 863 (Mo. Ct. App. E.D. 2007).

Defendants argue that plaintiff fails to state a claim for relief because (1) he failed to plead that defendants made a false representation; (2) he failed to plead justifiable reliance or causation; and (3) a party cannot maintain a cause of action in tort when the breach of duty is purely contractual. As alleged in the complaint, the false misrepresentation is that an agent of defendant US Bank "represented to MSCI that US BANK and the commercial trust department would not perform as escrow agent or host MSCI's escrow accounts because of the 'know your customer provisions' diligence requirements of the USA PATRIOT Act and made it impossible for the bank to perform this service for MSCI." (Complaint at ¶ 210.) Because it is dispositive of the issue, the court will first address plaintiff's alleged reliance.

Plaintiff alleges Medical Supply "justifiably relied upon this fraudulent misrepresentation and did not seek a reversal of the decision from the St. Louis office of US BANK's Commercial Trust department and instead contacted US BANCORP NA's Andrew Cesere, to try and resolve the problem." (Complaint at ¶ 216.) But the other allegations in his complaint indicate that he (1) was not ignorant of the falsity of the representation[6] and (2) did not rely on the representation being true. After hearing the representation that the Patriot Act prevented defendants from setting up plaintiff's escrow, plaintiff and his attorney discussed the issue, at length, with defendant US Bancorp's employees—Brian Kabbes and Lares Anderson. (Complaint at ¶ 215.) The complaint also alleges that he discussed the issue with Ed Higgins, the head of personal trust in defendant US Bancorp's St.

---

[6] The court is not opining on the truthfulness of the alleged misrepresentation, but assumes all facts in favor of plaintiff at this stage of the proceeding.

-8-

Louis office. (*Id.*) Based on the allegations in the complaint, it is clear that plaintiff did not believe the alleged misrepresentation to be true, and in fact disputed its truth with defendant US Bancorp. The court finds that plaintiff has not alleged reliance.

Because plaintiff has failed to plead all the elements of fraud, the court finds that he has not submitted a valid fraud claim and dismisses the claim. The court need not address defendants' other arguments regarding plaintiff's fraud claim.

### D.    Misappropriation of Trade Secrets

In the complaint, plaintiff alleges that Medical Supply gave its trade secrets to defendant US Bank to apply for a line of credit and that defendants have misappropriated Medical Supply's trade secrets under Mo. Rev. Stat. § 417.450 by copying and transmitting the trade secrets to (1) defendant US Bancorp; (2) three of defendant US Bancorp's officers; and (3) defendant US Bancorp's subsidiary, US Bancorp Piper Jaffray.

Misappropriation occurs in two ways (1) "when one acquires a trade secret through 'improper means,' that is, through such means as theft, bribery or inducing one to breach a duty of secrecy"; or (2) when one disclosing a trade secret without consent, inter alia, knew or had reason to know that the secret was '[a]cquired under circumstances giving rise to a duty to maintain its secrecy or limit its use.'" *H & R Block E. Tax Servs., Inc. v. Enchura*, 122 F. Supp. 2d 1067, 1074 (W.D. Mo. 2000) (citing and quoting Mo. Rev. Stat. § 417.453(2)(a) and (4)). Relying on Connecticut law, defendants argue that a corporation is not liable for disclosure of trade secrets when the alleged disclosure is to others within the corporation. But the complaint alleges that defendant US Bank exceeded its authorized use and disclosed the alleged trade secrets to other entities—defendant US Bancorp and its subsidiary US Bancorp Piper Jaffray. The complaint does not define the relationship between defendant US Bank, defendant US Bancorp, and US Bancorp Piper Jaffray.

-9-

Nor does it explain the terms of Medical Supply's disclosure to defendant US Bank. Defendants also contend that plaintiff has failed to state a claim for relief because Medical Supply had already provided the alleged trade secrets to US Bancorp Piper Jaffray. It is not clear from the complaint whether the information Medical Supply provided to US Bancorp Piper Jaffray is the same information as the alleged trade secrets. Based on the allegations in the complaint, the court finds that it is not "obvious that the plaintiff cannot prevail on the facts he has alleged." *Jenkins*, 514 F.3d at 1032. Defendants' motion regarding this claim is therefore denied.

### E. Breach of Fiduciary Duty

"In order to adequately plead a claim for breach of fiduciary relationship, the plaintiff must plead (1) the existence of a fiduciary relationship between the parties, (2) a breach of that fiduciary duty, (3) causation and (4) harm." *Koger v. Hartford Life Ins. Co.*, 28 S.W.3d 405, 411 (Mo. Ct. App. W.D. 2000) (citing *Preferred Physicians Mut. Mgmt. Group v. Preferred Physicians Mut. Risk Retention*, 918 S.W.2d 805, 811 (Mo. Ct. App.1996)).

The complaint alleges that defendants owed plaintiff a fiduciary duty because (1) defendants were escrow service providers to Medical Supply and (2) defendants were the custodians of Medical Supply's confidential information. As the court explained above, the complaint does not allege a contract for escrow services, and thus, the only possible fiduciary relationship would arise from the parties' business dealings. "It has long been the rule in [Missouri] that the existence of a business relationship does not give rise to a fiduciary relationship, nor a presumption of such a relationship." *Chmieleski v. City Prods. Corp.*, 660 S.W.2d 275, 294 (Mo. Ct. App. W.D. 1983). And, ordinarily, there is no fiduciary relationship between a debtor and creditor. *Yoest*, 832 S.W.2d at 328.

Moreover, to allege a fiduciary relationship, plaintiff must alleged the elements of a fiduciary relationship, which including the following:

> (1) one party must be subservient to the dominant mind and will of the other party as a result of age, state of health, illiteracy, mental disability, or ignorance; (2) things of value such as land, monies, a business, or other things of value, which are the property of the subservient party, must be possessed or managed by the dominant party; (3) there must be a surrender of independence by the subservient party to the dominant party; (4) there must be an automatic and habitual manipulation of the actions of the subservient party by the dominant party; and (5) there must be a showing that the subservient party places a trust and confidence in the dominant party.

*Roth v. Equitable Life Assur. Soc. of U.S.*, 210 S.W.3d 253, 260 (Mo. Ct. App. E.D. 2006); *Chmieleski*, 660 S.W.2d at 294–95 ("[A] confidential relationship is synonymous with a fiduciary relationship, and extends to instances in which a special confidence is reposed on one side and there is resulting *domination and influence* on the other."). Plaintiff's complaint does not allege a valid fiduciary relationship. Plaintiff does not allege he was subservient to defendants, surrendered his independence to defendants, or even placed trust and confidence in defendants. He was represented by counsel; he personally participated in the negotiations, negotiating lower fees and other terms; and he and his counsel disputed the denial of the escrow accounts—they contacted various individuals at the bank to fight the denial and threaten legal action.

In addition to failing to allege a fiduciary relationship, plaintiff's claim that defendants breached a fiduciary duty because they disseminated Medical Supply's alleged trade secrets is displaced by Mo. Rev. Stat. § 417.463.1. Section 417.463.1 provides that, with limited exceptions, "sections 417.450 to 417.467 displace conflicting tort, restitutionary, and other laws of this state providing civil remedies for misappropriation of a trade secret." Mo. Rev. Stat. § 417. 463.1. The limited exceptions are not applicable here. Mo. Rev. Stat. § 417. 463.2. For these reasons, plaintiff has failed to state a cause of action for breach of fiduciary duty. Defendants' motion regarding this claim is granted.

**F.**     ***Prima Facie* Tort**

In order to plead a *prima facie* tort, the plaintiff must plead (1) an intentional lawful act by the defendant; (2) intent to cause injury to the plaintiff; (3) injury to the plaintiff; (4) an absence of any justification or an insufficient justification for the defendant's act. *Cridlebaugh v. Putnam County State Bank of Milan*, 192 S.W.3d 540 (Mo. Ct. App. W.D. 2006). "[T]he burden is on the plaintiff to affirmatively plead and prove an absence of justification on the part of the defendant." *Wilt v. Kansas City Area Transp. Auth.*, 629 S.W.2d 669, 673 (Mo. Ct. App. W.D. 1982). Missouri courts do not look upon *prima facie* tort claims with favor and have consistently limited their application. *Hertz Corp. v. Raks Hospitality, Inc.*, 196 S.W.3d 536, 549 (Mo. Ct. App. E.D. 2006). "The doctrine of *prima facie* tort is a tort of last resort, and it is difficult to find reported cases where a plaintiff actually has recovered on this theory." *Cridlebaugh*, 192 S.W.3d at 545.

Plaintiff alleges defendants are liable for the following intentional lawful acts: (1) refusing to provide escrow account services; (2) circulating derogatory financial information about Medical Supply; (3) placing warning notes against Medical Supply's officers on defendant US Bank's computer system; (4) disparaging Medical Supply's legal claims against defendants; (5) causing a disciplinary complaint to be filed against Medical Supply's counsel; and (6) preventing Medical Supply from obtaining a loan secured with escrow account funds as they were released to Medical Supply. (Complaint at ¶ 249.) Plaintiff has not properly alleged an "absence of any justification or an insufficient justification" for defendants' refusal to provide escrow account services. Plaintiff makes a conclusory allegation that "[t]here is an absence of justification and in the alterative insufficient justification for US BANK and US BANKCORP's acts," but the factual allegations in the complaint do not support this conclusion. As alleged in the complaint, the recorded phone message of US Bancorp's Becky Hainje explained that the escrow services were denied because (1) Medical Supply was an unknown start-up business; (2) the principals involved were unknown to the

-12-

bank; and (3) the "know your customer" provision of the Patriot Act. (Complaint at ¶ 214.) Although the complaint may, if read liberally, allege that the latter reason was unjustified, it does not allege that the first two reasons were unjustified. The court finds that plaintiff has failed to state a claim regarding this allegation. Plaintiff's remaining allegations regarding defendants' lawful intentional acts are conclusory and fail to set forth factual allegations to support the conclusions. Thus, these allegations do not set forth claims for *prima facie* tort. *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d at 1216 (holding claims must set forth entitlement to relief "through more than labels, conclusions, and a formulaic recitation of the elements of a cause of action."). Based on the allegations in the complaint, the court finds that plaintiff has failed to state a claim for *prima facie* tort.

### G.     Rule 8

Defendants request the court dismiss plaintiff's complaint because it violates Federal Rules of Civil Procedure 8. Rule 8(a) states: "A pleading . . . must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) elaborates on the short and plain requirement in requiring each averment to be "simple, concise, and direct." Plaintiff's complaint is 71 pages and anything but "simple, concise, and direct." But the court declines to dismiss on this ground. Plaintiff's complaint asserts non-relevant information, but sets forth allegations for his claims. As discussed above, only one claim remains—misappropriation of Medical Supply's alleged trade secrets. The court will consider the claim on its merits. The court also denies defendants' request that it strike paragraphs 24–32 and 249(e) of the complaint.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) and Rule 8 of the Federal Rules of Civil Procedure (Doc. 43) is granted in part and denied in part. All claims except plaintiff's misappropriation of trade secrets claim pursuant to Mo. Rev.

Stat. § 417.450 are hereby dismissed.

      Dated this 4th day of September 2008, at Kansas City, Kansas.

                                      **s/ Carlos Murguia**
                                      **CARLOS MURGUIA**
                                      **United States District Judge**