### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SAMUEL K. LIPARI,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 07-2146-CM |
| **US BANCORP NA and** ) | |
| **US BANK NA,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Samuel K. Lipari brings this action for misappropriation of trade secrets against defendants US Bancorp NA and US Bank NA. This matter is before the court on plaintiff's 28 U.S.C. § 144 Affidavit of Prejudice (Doc. 116); Objection to the Magistrate's Order Compelling Discovery and Sanctioning the Plaintiff (Doc. 97); Motion Under Fed. R Civ. P. 59(e), To Alter or Amend Judgment and to Stay Further Pretrial Proceedings (Doc. 100); Objection to Magistrate Orders of 8/18/08 (Doc. 122); and Objection to Magistrate's Order of 8/20/08 (Doc. 123).

### Affidavit of Prejudice

Plaintiff filed a 28 U.S.C. § 144 Affidavit of Prejudice (Doc. 116), arguing that Magistrate Judge Waxse and the undersigned judge are prejudiced and biased against him. When reviewing an affidavit under 28 U.S.C. § 144, the court cannot consider the truth of the facts alleged. *United States v. Bennett*, 539 F.2d 45, 51 (10th Cir. 1976) (citing *Berger v. United States*, 255 U.S. 22, 31 (1921). But the court must determine the legal sufficiency of the affidavit. *Id.*; *see also Winslow v. Lehr*, 641 F. Supp. 1237, 1238 (D. Colo. 1986) ("[T]he filing of an affidavit of prejudice does not operate automatically to disqualify a judge. The judge must examine the affidavit to determine

whether it is sufficient as a matter of law."). The following must occur for the affidavit to be deemed sufficient to require disqualification: "1) the facts must be material and stated with particularity; 2) the facts must be such that, if true[,] they would convince a reasonable man that bias exists; [and] 3) the facts must show the bias is personal, as opposed to judicial, in nature." *Winslow*, 641 F. Supp. at 1240 (*citing United States v. Thompson*, 483 F.2d 527 (3d Cir. 1973)). A 28 U.S.C. § 144 affidavit cannot be based on the rulings in the case. *Id.*; *see also Berger*, 255 U.S. at 31 (reviewing an affidavit of prejudice under Section 21 of the Judicial Code and holding that "the bias or prejudice which can be urged against a judge must be based upon something other than rulings in the case.").

After reviewing the affidavit, the court finds that it is insufficient. Plaintiff's allegations of bias and prejudice are based upon rulings made in this action. The affidavit lacks facts showing personal bias and prejudice. It contains only insufficient conclusions. *See Winslow*, 641 F. Supp at 1241 ("An affidavit is deemed insufficient when it lacks facts showing a personal bias or prejudice, and contains only insufficient conclusions."). The facts alleged in the affidavit would not convince a reasonable person that bias exists. The court therefore finds that the affidavit does not require recusal under 28 U.S.C. § 144.

**Objections to Magistrate Judge's Orders**

A district court reviews a magistrate judge's decision on nondispositive motions under a "clearly erroneous or contrary to law standard." *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (citing 28 U.S.C. § 636(b)(1)(A)). This standard requires the district court to affirm the magistrate judge's decision unless it is "left with the definite and firm conviction that a mistake has been committed." *Burton v. R.J. Reynolds Tobacco Co.*, 200 F.R.D. 661, 667 (D. Kan.

2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The court will first consider plaintiff's Objection to the Magistrate's Order Compelling Discovery and Sanctioning the Plaintiff (Doc. 97), in which he objects to Judge Waxse's July 8, 2008 Memorandum and Order (Doc. 96). After reviewing the record, the court finds that Judge Waxse applied the appropriate standard when granting defendants' motion to compel. Furthermore, Judge Waxse's order requiring plaintiff to show cause why the court should not impose discovery sanctions is supported by the record. Plaintiff's objection is overruled.

Next, the court will consider plaintiff's Objection to Magistrate Orders of 8/18/08 (Doc. 122). On August 18, 2008, Judge Waxse issued two orders; one ordered plaintiff to pay a portion of the reasonable attorney fees and expenses that defendants incurred in connection with their motion to compel (Doc. 115) and the other ordered plaintiff to show cause why this case should not be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), for failing to comply with the court's July 22, 2008 Order (Doc. 114). Before granting defendants their attorney fees, Judge Waxse ordered plaintiff to show cause why plaintiff should not have to pay defendants' attorney fees, but plaintiff failed to respond to the court's show cause order. The court finds that Judge Waxse's order requiring plaintiff to pay defendants' attorney fees was not contrary to law. Similarly, Judge Waxse issued the August 18, 2008 order to show cause because plaintiff had failed to comply with the court's July 22, 2008 order granting in part defendants' motion to compel. Under Federal Rule of Civil Procedure 37(b)(2)(A) an action may be dismissed for failure to comply with a discovery order. Thus, Judge Waxse's August 18, 2008 order to show cause was in accordance with the law. Plaintiff had numerous opportunities to comply with the court's orders and follow the court's rules before Judge Waxse imposed sanctions on plaintiff and ordered him to show cause why the case should not be dismissed. Plaintiff's objections are overruled.

Finally, the court will consider plaintiff's Objection to Magistrate's Order of 8/20/08 (Doc. 123). On August 20, 2008, Judge Waxse issued an order informing plaintiff that the filing of his reply to defendants' response to the court's August 18, 2008 show cause order did not relieve plaintiff of the obligation to respond to the show cause order (Doc. 117). In the order, Judge Waxse granted plaintiff additional time in which to respond to the show cause order. After reviewing Judge Waxse's order, the court finds that the order was not clearly erroneous or contrary to law. Accordingly, plaintiff's objection is overruled.

Plaintiff also argues that as of July 11, 2008, this court lacks jurisdiction over this case because plaintiff filed an appeal in *Medical Supply Chain v. Neoforma*, Case No. 05-2299-CM. But plaintiff's appeal of another case or controversy does not divest this court of jurisdiction in this case.

**Motion to Reconsider and Stay Further Pretrial Proceedings**

Plaintiff requests that the court reconsider its July 11, 2008 Memorandum and Order (Doc. 99) in which it upheld Judge Waxse's order denying plaintiff's motion for time to extend discovery. Because plaintiff is seeking reconsideration of a nondispositive motion, his request is governed by D. Kan. Local Rule 7.3, not Federal Rule of Civil Procedure 59(e). The court has recognized the following grounds for granting a motion to reconsider: "(1) an intervening change in controlling law, (2) availability of new evidence, and (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3. Plaintiff argues that the court should reconsider its July 11, 2008 order to correct clear error or prevent manifest injustice. The court has reviewed its July 11, 2008 order and finds that it is not manifestly unjust, clearly erroneous, or contrary to law.

On July 18, 2008, plaintiff refiled his request to stay further pretrial proceedings as its own motion (Doc. 107). Judge Waxse properly denied the motion on July 31, 2008 (Doc. 108). As

-4-

explained above, plaintiff's appeal of another case or controversy does not divest this court of jurisdiction in this case. Accordingly, plaintiff's Motion Under Fed. R Civ. P. 59(e), To Alter or Amend Judgment and to Stay Further Pretrial Proceedings (Doc. 100) is denied.

**IT IS THEREFORE ORDERED** that plaintiff's 28 U.S.C. § 144 Affidavit of Prejudice (Doc. 116) does not require recusal under 28 U.S.C. § 144.

**IT IS FURTHER ORDERED** that plaintiff's Objection to the Magistrate's Order Compelling Discovery and Sanctioning the Plaintiff (Doc. 97) is overruled.

**IT IS FURTHER ORDERED** that plaintiff's Objection to Magistrate Orders of 8/18/08 (Doc. 122) is overruled.

**IT IS FURTHER ORDERED** that plaintiff's Objection to Magistrate's Order of 8/20/08 (Doc. 123) is overruled.

**IT IS FURTHER ORDERED** that plaintiff's Motion Under Fed. R Civ. P. 59(e), To Alter or Amend Judgment and to Stay Further Pretrial Proceedings (Doc. 100) is denied.

Dated this 10th day of October 2008, at Kansas City, Kansas.

        **s/ Carlos Murguia**
        **CARLOS MURGUIA**
        **United States District Judge**