DJW/1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**SAMUEL K. LIPARI,**

               **Plaintiff,**

                                            **CIVIL ACTION**

**v.**

                                           **No. 07-2146-CM-DJW**

**U.S. BANCORP, N.A., et al.,**

               **Defendants.**

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' First Motion for Protective Order (doc. 59), Plaintiff's Motion for Protective Order (doc. 80), and Defendants' Second Motion for Protective Order (doc. 82). For the reasons set forth below, the Court grants Defendants' First Motion for Protective Order as to both Defendants. The Court also grants Defendants' Second Motion for Protective Order, but only as to Defendant U.S. Bancorp N.A. Finally, the Court denies Plaintiff's Motion for Protective Order.

### I.      Background Information

Plaintiff filed this action on April 10, 2007 in the Circuit Court of Jackson County, Missouri. Defendants removed the action to the Western District of Missouri, and the action was ultimately transferred to this Court. Plaintiff's Petition asserts claims for breach of contract, fraud, misappropriation of trade secrets under Mo. Rev. Stat. §417.50, breach of fiduciary duty, and prima facie tort. On September 4, 2008, the Court dismissed all of Plaintiff's claims except for his misappropriation of trade secrets claim.

## II.        Standard for Ruling on a Motion for Protective Order

Federal Rule of Civil Procedure 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."[1]   The party seeking a protective order has the burden to show good cause for it.[2]   To establish good cause, a party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[3]

The court has broad discretion to decide when a protective order is appropriate and what degree of protection is required.[4]   The Supreme Court has recognized that "[t]he trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders."[5]   Notwithstanding this broad grant of discretion, a court may issue a protective order only if the moving party demonstrates that the basis for the protective order falls within one of the specific categories enumerated in the Rule, i.e., that the requested order is necessary to protect the party "from annoyance, embarrassment, oppression, or undue burden or expense."[6]

---

[1]Fed. R. Civ. P. 26(c)(1).

[2]*Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000).

[3]*Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981).

[4]*MGP Ingredients, Inc. v. Mars, Inc*., 245 F.R.D. 497, 500 (D. Kan. 2007) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

[5]*Seattle Times*, 467 U.S. at 36.

[6]*ICE Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2007 WL 1652056, at *3 (D. Kan. June 6, 2007) (quoting Fed. R. Civ. P. 26(c)); *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. (continued...)

2

**III.    Defendants' First Motion for Protective Order (doc. 59)**

    **A.    Introduction**

Defendants seek a protective order relieving them of the obligation to respond to Plaintiff's First Request for Production of Documents ("First Request"), which were served on Defendants on February 13, 2008.  Defendants filed the instant Motion for Protective Order on February 17, 2008, asserting that the fourteen requests contained in the First Request are facially overbroad and unduly burdensome and that the documents requested have no relevance to the claims and defenses asserted in the case.

Defendants contend that the requests are facially over broad and unduly burdensome because they use "omnibus" terms such as "related to," "regarding," and "concerning" to modify a  vast category of documents.  For example, Request No. 1 seeks "[a]ll records, forms, statements, applications, credit reports, correspondence, call records, documents . . . *related to* all accounts and transactions of the plaintiff Samuel K. Lipari, his former attorney Bret D. Landrith and the plaintiff's now dissolved Missouri corporation Medical Supply Chain, Inc."[7]  In a similar vein, Request No. 9 seeks "[a]ll communications with the Royal Bank of Canada and the Edward Jones Co. *concerning* the potential sale of US Bancorp Piper Jaffray."[8]

Defendants argue that the requests do not comply with Federal Rule of Civil Procedure 34, which requires that requests for production describe the documents sought with "reasonable

---

[6](...continued)
533, 534 (D. Kan. 2003).

[7]Req. No. 1, attached as Ex. A. to Defs.' Mot. for Protective Order (doc. 61) (emphasis added).

[8]Req. No. 9, attached as Ex. A. to Defs.' Mot. for Protective Order (doc. 61) (emphasis added).

particularity." They also maintain that answering these overly broad requests would subject them to undue burden and expense, particularly since the documents requested are not relevant to the claims or defenses asserted in the lawsuit.

Plaintiff counters that the omnibus terms his requests use (e.g., "regarding" and "concerning") are neither overly broad nor unduly burdensome because those terms are used to modify narrowly tailored categories of documents. Plaintiff asserts that the requested documents are relevant to his claims and therefore discoverable. More specifically, Plaintiff argues that the requests are relevant to show the intent and circumstances of Defendants in forming and breaching the contracts alleged in his Petition. He also claims they are relevant to show Defendants' alleged bad faith, as it pertains to his breach of contract and breach of fiduciary claims. Finally, Plaintiff argues that Defendants have failed to provide adequate evidentiary support to show how they will be unduly burdened if required to answer the requests.

**B.      Applicable Law**

This Court has held on numerous occasions that a discovery request is overly broad and unduly burdensome on its face if it uses an omnibus term such as "relating to," "pertaining to," or "concerning" to modify a general category or broad range of documents or information.[9] The Courts' decisions reason that such broad language "make[s] arduous the task of deciding which of numerous documents may conceivably fall within its scope."[10] A request that seeks all documents "relating to" or "concerning" a broad range of items "requires the respondent either to guess or move

---

[9]*See, e.g.*, *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 658 (D. Kan. 2006); *Cardenas v. Dorel Juvenile Group, Inc*., 232 F.R.D. 377, 381-82 (D. Kan. 2005); *Sonnino v. Univ. of Kan. Hosp. Auth.,* 221 F.R.D. 661, 667-68 (D. Kan. 2004); *Aikens,* 217 F.R.D. at 538).

[10]*See, e.g.*, *Cardenas*, 232 F.R.D. at 382 (quoting *Audiotext Commc'ns Network, Inc. v. U.S. Telecom, Inc*., No. Civ. A. 94-2395-GTV, 1995 WL 625962, at *6 (D. Kan. Oct. 5, 1995)).

through mental gymnastics . . . to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request."[11]  Such a request violates the basic principle of Federal Rule Civil Procedure 34(b)(1)(A) that document requests "must describe with reasonable particularity each item or category of items" to be produced.[12]  In contrast, a request that uses an omnibus phrase to modify a sufficiently specific type of information, group of documents, or particular event will not be deemed objectionable on its face.[13]

In addition, this Court has held that "relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[14]  When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance as defined under Rule 26(b)(1), or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[15]  Conversely, when the relevancy of the discovery request is not

---

[11]*Id.* (quoting *Audiotext,* 1995 WL 18759, at *6.  *Accord Aikens,* 217 F.R.D. at 538.

[12]*Naerebout v. IBP, Inc.*, Civ. A. No. 91-2254-L, 1992 WL 754399, at *10 (D. Kan. Aug. 19, 1992) (quoting Fed. R. Civ. P. 34(b)).

[13]*Cardenas,* 232 F.R.D. at 381-82; *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 667-68 (2004).

[14]*Cardenas*, 232 F.R.D. at 382 (citing *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 652 (D. Kan. 2004); *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001).

[15]*Cardenas*, 232 F.R.D. at 382; *Owens*, 221 F.R.D. at 652.

readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[16]

## C.     Analysis

The Court finds that the relevance of the documents sought in these requests is not apparent from the face of the requests.  Thus, Plaintiff has the burden to show how they are relevant.  At best, Plaintiff shows they may have some relevance to his breach of contract and breach of fiduciary duty claims.  Those claims, however, are no longer part of this lawsuit, and Plaintiff's action is now limited to his trade secret misappropriation claim.  The Court does not find that any of the fourteen requests at issue are relevant to that claim.

Furthermore, the Court finds that the requests are, on their face, so broad and open-ended that Defendants cannot possibly fully determine — without undue burden — which documents would be responsive.  Plaintiff's use of omnibus terms such "related to" and "concerning" do not modify a specific document or event, or even discrete or narrow categories of documents.  Rather, those terms modify very general and vast categories of documents.  The Court therefore concludes that the requests are so all-encompassing as to be unduly burdensome on their face.  The Court also finds that they violate Rule 34's mandate that the requests "describe with reasonable particularity each item or category of items" to be produced.[17]

The Court is not persuaded by Plaintiff's argument that a protective order should not issue because Defendants fail to provide adequate evidentiary support to show how they will be unduly burdened if required to respond to the requests.  It is well settled that a party resisting *facially*

---

[16]*Cardenas*, 232 F.R.D. at 382-83; *Owens*, 221 F.R.D. at 652.

[17]Fed. R. Civ. P. 34(b)(1)(A).

overbroad or unduly burdensome discovery need not provide specific, detailed, or evidentiary support.[18]

In light of the foregoing, the Court finds that Defendants have established that they will be subject to undue burden if they are required to respond to these facially overbroad document requests.  This is particularly true in light of the fact that the requested documents are not relevant to the one remaining claim in this action, i.e., Plaintiff's misappropriation of trade secret claim.  Nor or they relevant to any of the defenses asserted in this lawsuit.  The Court therefore holds that Defendants have established the good cause necessary to support the issuance of a protective order.  Defendants' First Motion for Protective Order is granted, and Defendants are relieved of the obligation to respond to any of the document requests contained in Plaintiff's First Request.

## IV.    Plaintiff's Motion for Protective Order (doc. 80)

Plaintiff seeks a protective order relieving him of the obligation to appear for his deposition.  Defendants filed a notice on May 9, 2008 to take Plaintiffs' deposition on May 28, 2008 (doc. 76).  Plaintiff filed the instant motion, arguing that he "is entitled to a protective order preventing the defendants from deposing him until the defendants have consented to jurisdiction under Rule 26 and 30 which applies to both the plaintiff and the defendants equally."[19]  In support of this proposition, Plaintiff argues that Defendants have objected to certain of his discovery requests and have refused to give him discovery to which he is entitled.  He also claims that Defendants have filed a "frivolous *per se* blanket protective order suspending the plaintiff's discovery."[20]  Apparently, Plaintiff is

---

[18]*See, e.g.*, *Aikens,* 217 F.R.D. at 537-38; *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 198 (D. Kan. 1996).

[19]Pl.'s Mot. for Protective Order (doc. 80) at p. 2.

[20]*Id.*

referring to the Motion for Protective Order (doc. 59), which is discussed above in Part III of this Order.

The Court finds Plaintiff's arguments unavailing. To the extent Plaintiff contends Defendants have objected to, and owe him, discovery, Plaintiff may file the appropriate motions,[21] and the Court will determine what discovery is owed. To the extent Plaintiff claims Defendants have filed a frivolous motion for protective order, the Court has granted that motion in this Order. Finally, and more importantly, it is well settled that "[a] party . . . may not withhold discovery solely because it has not obtained to its satisfaction other discovery."[22] Consequently, even if Defendants are withholding discovery from Plaintiff, it is *not* grounds for Plaintiff to delay his deposition. Accordingly, the Court finds that Plaintiff has failed to show good cause for the requested protective order. Plaintiff's Motion for Protective Order is therefore denied.

## V.   Defendants' Second Motion for Protective Order (doc. 82)

### A.   Introduction

Defendants seek a protective order vacating the Notice of Deposition Duces Tecum (doc. 71) that Plaintiff filed on April 30, 2008. The deposition notice requests that Defendant U.S. Bancorp N.A. ("U.S. Bancorp") produce a corporate representative at its corporate headquarters in Minneapolis, Minnesota, to provide deposition testimony pursuant to Rule 30(b)(6). It also asks

---

[21]Any such motions must, of course, comply with the requirements of D. Kan. Rule 37.1. Subsection (b) of that rule provides that any motion to compel must be filed within thirty days of the default or service of the response at issue, unless the time for filing is extended by the Court for good cause shown.

[22]*Bohannon v. Honda Motor Co.*, 127 F.R.D. 536, 538 (D. Kan. 1989); *accord Western Res., Inc. v. Union Pac. R. Co.,* No. 00-2043-CM, 2001 WL 1723817, at *2 (D. Kan. Dec. 4, 2001); *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 308 (D. Kan. 1996); *Audiotext Commc'ns Network, Inc. v. U.S. Telecom, Inc.,* No. 94-2395-GTV, 1995 WL 625953, at *1 (D. Kan. Oct. 5, 1995).

U.S. Bancorp  to produce certain documents at the deposition.   More specifically, the notice requests that U.S. Bancorp produce a representative who "can answer the plaintiff's questions on the conduct of U.S. Bancorp current or former employees, the employees of its subsidiaries and the conduct of its agents described with detail in ¶¶ 1-263 of the plaintiff's complaint."[23]  The notice also requests that U.S. Bancorp produce a corporate representative "familiar with all documents in its possession or control or the possession of its agents related to the conduct of its agents described with detail in ¶¶ 1-263 of the plaintiff's complaint."[24]  Finally, the notice asks U.S., Bancorp to "provide all documents in its possession or control or the possession of its agents related to the conduct of its agents described with details in ¶¶ 1-263 of the plaintiff's complaint."[25]

Defendants argue that a protective order is warranted for three reasons.  First, the deposition notice fails to describe the topics of inquiry with reasonable particularity as required by Rule 30(b)(6).  Second, the request for documents is facially overbroad and unduly burdensome.  Third, Plaintiff's unilateral choice of Minneapolis as the site of the deposition is unduly burdensome in that no corporate representative with knowledge of the requested facts resides in Minnesota, and no discovery response has shown that any such representative resides there.

Plaintiff does not address Defendants' arguments in is his response.[26]  Rather, Plaintiff states that Defendants have failed to disclose documents pursuant to Rule 26(a)(1) and failed to provide

---

[23] *See* Depo. Notice (doc. 71) at p. 1.

[24] *Id.*

[25] *Id.*

[26] *See generally* Pl.'s Opposition to Defs.' Supp. Protective Order Request (doc. 89).

addresses for the individuals they have disclosed.  He also argues that the instant motion is an "attempt[] to obtain an impermissible blanket order against all discovery."[27]

### B.    Applicable Law

Federal Rule of Civil Procedure 30(b)(6) sets forth the procedure for deposing a business organization such as U.S. Bancorp.  The Rule provides as follows:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, . . . and must describe with reasonable particularity the matters for examination.  The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . .  The persons designated must testify about information known or reasonably available to the organization.[28]

In order for Rule 30(b)(6) to function effectively, "the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute."[29]  Once notified as to the reasonably particularized areas of inquiry, the responding corporation or business organization "must not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation."[30]

---

[27]*Id.* at p. 1.

[28]Fed. R. Civ. P. 30(b)(6).

[29]*McBride v. Medicalodges, Inc.*, 250 F.R.D. 581, 584 (D. Kan. 2008) (citing *E.E.O.C. v. Thorman & Wright Corp.*, 243 F.R.D. 421, 426 (D. Kan. 2007); *Sprint Commc'ns Co., L.P. v. The-globe.com, Inc.*, 236 F.R.D. 524, 528 (D. Kan. 2006)).

[30]*McBride*, 250 F.R.D. at 584 (quoting *Marker v. Union Fid. Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989)).

"The effectiveness of the Rule bears heavily upon the parties' reciprocal obligations."[31]  Only when the requesting party has "reasonably particularized" the subjects about which it wishes to inquire can the responding party produce a deponent who has been suitably prepared to respond to questioning within the scope of inquiry.[32]  An overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task.[33]  When the notice is overbroad, the responding party is unable to identify the outer limits of the areas of inquiry noticed, and designating a representative in compliance with the deposition notice becomes impossible.[34]

### C.      Analysis

Before addressing the merits of the dispute, the Court notes that *both* Defendants have filed the Motion for Protective Order despite the fact that the deposition notice is directed only to Defendant U.S. Bancorp and not to Defendant U.S. Bank N.A.  Rule 26(c) allows only a party or person "from whom discovery is sought" to move for a protective order.[35]  As U.S. Bank N.A. is not a party "from whom discovery is sought," it is not entitled to join in the instant Motion for Protective Order.  The motion is therefore denied as to U.S. Bank N.A.

Turning to the merits of the dispute, the Court agrees with U.S. Bancorp that the deposition notice is overly broad and does not define the topics of inquiry with "reasonable particularity" as

---

[31]*Lee v. Nucor-Yamato Steel Co. LLP*, No. 3:07CV00098 BSM, 2008 WL 4014141, at *3 (E. D. Ark. Aug. 25, 2008) (citing *Dwelly v. Yamaha Motor Corp.*, 214 F.R.D. 537, *539-40 (D. Minn. 2003); *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, *638 (D. Minn. 2000)).

[32]*Lee*, 2008 WL 4014141, at *3.

[33]*McBride*, 250 F.R.D. at 584 ; *Steil v. Humana Kan. City, Inc.,* 197 F.R.D. 442, 444 (D. Kan. 2000);  *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000).

[34]*McBride,* 250 F.R.D. at 584 (citing *Reed,* 193 F.R.D. at 692).

[35]Fed. R. Civ. P. 26(c)(1).

required by Rule 30(b)(6).  Plaintiff's Petition consists of 263 paragraphs, which span more than seventy pages.  Plaintiff's Rule 30(b)(6) deposition notice asks U.S. Bancorp to produce a witness who can testify regarding the conduct of its employees and agents and its subsidiaries' employees, which conduct is described in all of the 263 paragraphs of the Petition.  The notice also requests that U.S. Bancorp produce a corporate representative who is "familiar with all documents in its possession or control or the possession of its agents related to the conduct of its agents" described in those same 263 paragraphs.  In other words, Plaintiff is asking U.S. Bancorp to produce a representative to testify about every single allegation of conduct by U.S. Bancorp in the entire Petition and all documents relating to the conduct of its agents.  This hardly meets the requirement that Plaintiff "designate, with painstaking specificity, the particular subject areas" to be covered in the deposition."[36]

In similar circumstances, courts have not hesitated to issue protective orders when corporations are asked to respond to overly broad or unfocused Rule 30(b)(6) deposition notices. For example, in *In re Independent Service Organizations Antitrust Litigation*,[37] Judge Earl E. O'Connor entered a protective order where one of the plaintiffs served a Rule 30(b)(6) deposition notice on defendant Xerox Corporation, requesting that Xerox produce a corporate witness "to testify about facts supporting numerous paragraphs of Xerox's denials and affirmative defenses in its Answer and Counterclaims."[38]  Judge O'Connor held that while the plaintiff had "a right to discover the facts upon which Xerox will rely for its defense and counterclaims," its attempt to do

---

[36]*See McBride*, 250 F.R.D. at 584 (citing *Thorman*, 243 F.R.D. at 426; *Sprint,* 236 F.R.D. at 528).

[37]168 F.R.D. 651, 654 (D. Kan. 1996).

[38]*Id.*

so through its Rule 30(b)(6) deposition was "overbroad, burdensome, and a highly inefficient method through which to obtain otherwise discoverable information."[39]

Also, in *Sheehy v. Ridge Tool Co.*,[40] a protective order was entered where the court found that the Rule 30(b)(6) deposition notice was overly broad.  In that case, the Court held that a Rule 30(b)(6) notice requesting a corporate representative who is "most knowledgeable as to the subject Complaint" did not describe the issues to be addressed with the required "reasonable particularity" and ordered the plaintiff to serve re-notices that described in greater details the issues and topics to be covered.[41]

In a similar vein, the Court in *Smithkline Beecham Corp. v. Apotex Corp.*,[42] concluded that a Rule 30(b)(6) notice served by the defendant on the plaintiff requesting designation of a witness to testify regarding the plaintiff's responses to defendants' interrogatories and requests for production was "[i]n its present form . . . overbroad, unduly burdensome, and an inefficient means through which to obtain otherwise discoverable information."[43]

In the present case, the Court agrees with U.S. Bancorp that the deposition notice is overly broad and does not define the topics of inquiry with "reasonable particularity" as required by Rule 30(b)(6).  Thus, the deposition notice places an undue burden on U.S. Bancorp.  This is particularly true under the particular circumstances of this case, where a significant portion of the Petition has been dismissed, and only one claim — misappropriation of trade secrets — remains in the lawsuit.

---

[39]*Id.*

[40]No. 3:05 CV 1614 (CFD) (TPS), 2007 WL 1548976 (D. Conn. May 24, 2007).

[41]*Id.*, at *3-4.

[42]No. 98 C 3952, 2000 WL 116082 (N.D. Ill., Jan. 24, 2000).

[43]*Id.*, at *9-10.

In addition, the Court holds that the deposition notice's request that U.S. Bancorp provide at the deposition "all documents in its possession or control or the possession of its agents related to the conduct of its agents described with details in ¶¶ 1-263 of the plaintiff's complaint" is overly broad and unduly burdensome. While Rule 30(b)(2) allows a deposition notice to "be accompanied by a request under Rule 34 to produce documents . . . at the deposition," the document request must comply with Rule 34. As discussed above in Part III, Rule 34(b)(1)(A) requires that the request "describe with reasonable particularity each item or category of items" to be produced.[44] A request for all documents related to the conduct of U.S. Bancorp's agents as set forth in every paragraph of Plaintiff's lengthy Petition does not describe the documents with reasonable particularity and is overly broad on its face.

In light of the above, the Court grants the Motion for Protective Order with respect to U.S. Bancorp. Plaintiff may re-notice the deposition; however when he does so, he should take care to describe in greater detail the issues and topics that will be covered during the deposition, and should limit it to issues concerning his one remaining claim, i.e., misappropriation of trade secrets. In the event Plaintiff includes a document request in the deposition notice, Plaintiff must take care to insure that the request describes with reasonably particularity each item or category of items to be produced. In addition, he should refrain from using omnibus terms to describe general categories of documents. With respect to the location of the deposition, Plaintiff should confer with the attorneys for U.S. Bancorp to determine a mutually convenient location for the deposition.

## VI.    Attorney's Fees and Expenses Incurred in Connection with the Motions

The Court will now address the issues of attorney's fees and expenses. Federal Rule of Civil Procedure 26(c) expressly provides that Rule 37(a)(5) applies to the award of expenses incurred in

---

[44]Fed. R. Civ. P. 34(b)(1)(A).

relation to a motion for protective order.[45]  Thus, the Court must look to Rule 37(a)(5) to determine whether an award of expenses is appropriate here.

The Court has granted Defendants' First Motion for Protective Order.  It has also granted Defendants' Second Motion for Protective Order as to Defendant U.S. Bancorp.  Although Defendants do not request an award of expenses or fees in connection with their motions,[46] the Court must nevertheless address this issue, as Federal Rule of Civil Procedure 37(a)(5)(A) provides for the payment of the moving party's expenses where a motion for protective order is granted.  Under Rule 37(a)(5)(A), the Court *must*, after giving an opportunity to be heard, require the party whose conduct necessitated the motion for protective order to pay the movant's reasonable attorney's fees and expenses incurred in making the motion, unless (1) the movant filed the motion before attempting in good faith to obtain the relief requested without court action, (2) the opposing party's response was substantially justified, or (3) other circumstances make an award of expenses unjust.[47]

The Court has also denied Plaintiff's Motion for Protective Order.  Neither Plaintiff nor Defendants requested expenses or fees in connection with that motion.  The Court must nevertheless address the issue because Rule 37(a)(5)(B) provides for the payment of the opposing party's expenses where a motion for protective order is denied.  It states that the Court, after giving an opportunity to be heard, *must* require the party filing the motion for protective order to pay the party who opposed the motion for protective order the reasonable fees and expenses that it incurred in

---

[45]Fed. R. Civ. P. 26(c)(3) states that "Rule 37(a)(5) applies to the award of expenses."

[46]Defendants merely ask the Court for protective orders and to grant them "all other relief" to which they are "justly entitled."  Defs.' First Mot. for Protective Order (doc. 59) at p. 2; Defs.' Second Mot. for Protective Order (doc. 82) at p.2.

[47]Fed. R. Civ. P. 37(a)(5)(A) (Rule renumbered by Dec. 1, 2007 amendments).

opposing the motion for protective order, unless (1) the motion for protective order was substantially justified, or (2) other circumstances make an award of fees and expenses unjust.[48]

As subsections (A) and (C) of Rule 37(a)(5) expressly provide, a court may award expenses and fees only after it has given the parties an "opportunity to be heard."[49]   To satisfy this requirement, the Court, in this case, directs Plaintiff to show cause, in a pleading filed within **twenty-one  (21) days** of the date of this Order, why he should not be required to pay the reasonable expenses and attorney's fees that (1) both Defendants incurred in filing the First Motion for Protective Order (doc. 59); (2) Defendant U.S. Bancorp incurred in filing the Second Motion for Protective Order (doc. 82); and (3) both Defendants incurred in opposing Plaintiff's Motion for Protective Order (doc. 80).  Defendants shall each have **eleven (11) days** thereafter to file a response thereto, if they so choose.  The Court will issue an order regarding whether fees and expenses should be awarded after it has reviewed the parties' briefing.

**IT IS THEREFORE ORDERED** that  Defendants' Motion for Protective Order (doc. 59) is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Protective order (doc. 80) is denied, and Plaintiff shall make himself available for his deposition.

**IT IS FURTHER ORDERED** that Defendants' Motion for Protective Order (doc. 82) is granted with respect to Defendant U.S. Bancorp N.A., and denied with respect to Defendant U.S. Bank N.A.

---

[48]Fed. R. Civ. 37(a)(5)(B).

[49]*McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 697 (D. Kan. 2000) (citing Fed. R. Civ. P. 37(a)(4) (now numbered Fed. R. Civ P. 37(a)(5)).

**IT IS FURTHER ORDERED** that Plaintiff shall, within **twenty-one (21) days** of the date of this Order, show cause in a pleading filed with the Court, why he should not be required to pay the reasonable fees and expenses that Defendant U.S. Bancorp N.A. has incurred in making its Motions for Protective Order (doc. 59 and 82) and opposing Plaintiff's Motion for Protective Order (doc. 80), in addition to the reasonable fees and expenses that Defendant U.S. Bank N.A. has incurred in making its Motion for Protective Order (doc. 59) and opposing Plaintiff's Motion for Protective Order (doc. 80). Defendants shall have **eleven (11) days** thereafter to file a response thereto.

        **IT IS SO ORDERED**.

        Dated in Kansas City, Kansas on this 15th day of October 2008.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:    All counsel and *pro se* parties