IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| SAMUEL K. LIPARI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 07-2146-CM |
| ) | |
| US BANCORP NA and ) | |
| US BANK NA, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Plaintiff Samuel K. Lipari filed the instant action in Jackson County Circuit Court on November 28, 2006 (Jackson County Case No. 0616-CV-32307) against defendants US Bancorp NA and US Bank NA. This matter is before the court on plaintiff's Stipulation For Order Of Dismissal Of Remaining Claims Pursuant To Federal Rule Of Civil Procedure 41(A)(2) (Doc. 147).

**I.   Factual Background**

On December 13, 2006, defendants removed the action to the United States District Court for the Western District of Missouri, Western Division, on the basis of diversity. On April 10, 2007, the United States District Court for the Western District of Missouri transferred the case to this court pursuant to 28 U.S.C. § 1404(a). On September 4, 2008, the court dismissed all of plaintiff's claims except plaintiff's misappropriation of trade secrets claim (Doc. 137). On October 15, 2008, plaintiff filed a Stipulation For Order Of Dismissal Of Remaining Claims Pursuant To Federal Rule Of Civil Procedure 41(A)(2). In plaintiff's stipulation, he withdraws his Motion for Leave to Amend Complaint, which had not been ruled on, and stipulates to the dismissal of his misappropriation of trade secrets claim with prejudice. He also states that "the plaintiff realizes that his claims for damages against the defendants under Count

III Trade Secrets Misappropriation Under Section 417.450 RSMO of The Uniform Trade Secrets Act are now dismissed with prejudice under Rule 41(a)(2)." He further states, "The court must now end its conduct toward the parties in relationship to resolving any claim brought by plaintiff. Those claims have now been removed from this proceeding." In defendants' response to plaintiff's stipulation, defendants agree to join the stipulation but only on the condition that the order of dismissal "reflect that plaintiff has been ordered to pay defendants' attorneys' fees for his non-compliance as ordered in Doc. No. 115, as well as all applicable costs of the action" (Doc. 153). In his reply, plaintiff disputes the fees and does not agree to dismiss the claims with defendants' conditions (Doc. 155).

After filing his stipulation of dismissal and before defendants could respond to the stipulation, plaintiff appealed this lawsuit to the Tenth Circuit Court of Appeals. On November 14, 2008, the Tenth Circuit Court of Appeals abated the appeal pending this court's resolution of plaintiff's Stipulation For Order Of Dismissal Of Remaining Claims Pursuant To Federal Rule Of Civil Procedure 41(A)(2) (Doc. 147).

**II.     Judgment Standard**

Pursuant to Federal Rule of Civil Procedure 41(a)(1), a plaintiff can only voluntarily dismiss a case without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Under Rule 41(a)(2), the court may allow a plaintiff to voluntarily dismiss an action "upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (quotation omitted). The court should grant a motion for voluntary dismissal "[a]bsent 'legal prejudice' to the defendant." *Id.* (quotation omitted).

When determining "legal prejudice" the court is obligated to consider the novelty of the circumstances of the case. *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). The court should consider the relevant factors, including: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Id*. (citing *Phillips U.S.A., Inc. v. Allflex U.S.A., Inc.*, 77 F.3d 354, 358 (10th Cir. 1996)).

Under Rule 41(a)(2), the court may impose terms upon the dismissal of a plaintiff's claim, such as payment of attorneys' fees or a limitation on the refiling of certain claims. *See Gonzales v. City of Topeka Kan.*, 206 F.R.D. 280, 283 (D. Kan. 2001) (citing 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2366, at 305–314 (1995)). *Id*. (quoting *American Nat. Bank and Trust Co. v. Bic Corp.,* 931 F.2d 1411, 1412 (10th Cir. 1991)). "'Conditions are designed to alleviate any prejudice a defendant might otherwise suffer upon refiling of an action.'" When the court decides to impose such terms, it must give the plaintiff an opportunity to withdraw its request for dismissal. *See id.*

### III.     Analysis

This matter cannot be voluntarily dismissed under Rule 41(a)(1) because defendants have answered the complaint and the parties have not filed a joint stipulation of dismissal. Thus, the court will consider plaintiff's request to dismiss the lawsuit under Rule 41(a)(2). After reviewing the record, the court cannot say that plaintiff's proposed voluntary dismissal is "[a]bsent 'legal prejudice' to the defendant." On August 18, 2008, the court ordered plaintiff to pay reasonable attorneys' fees and expenses related to defendants' Motion To Compel Compliance with Rule 26(a)(1). The court ordered the parties to file pleadings regarding the appropriate amount of the fees and expenses. On November 26, 2008, Magistrate Judge Waxse ordered plaintiff to pay defendant's reasonable attorneys' fees and expenses in the amount of $700 (Doc. 158).

The court finds that at this stage of the proceedings any voluntary dismissal must recognize the Judge Waxse's November 26, 2008 order regarding attorneys' fees and include an order for plaintiff to pay defendants' attorneys' fees and expenses as set forth in that order.  At the time plaintiff filed his stipulation, Judge Waxse had awarded defendants their fees but had not set the amount.  Because plaintiff was unaware of the amount of fees he would be required to pay when he filed his stipulation for an order of dismissal, plaintiff should have an opportunity to withdraw his stipulation.  Plaintiff shall have up to and including December 10, 2008 to withdraw his stipulation for order of dismissal.  If plaintiff fails to withdraw his stipulation, the court will dismiss plaintiff's misappropriation of trade secrets claim—the only claim remaining in this action—and order plaintiff to pay the reasonable attorneys' fees and expenses as ordered in the Judge Waxse's November 26, 2008 order.

**IT IS THEREFORE ORDERED that plaintiff shall have up to and including December 10, 2008 to withdraw his stipulation for order of dismissal.   If plaintiff fails to withdraw his stipulation, the court will dismiss this action and order plaintiff to pay the reasonable attorneys' fees and expenses as ordered in the Judge Waxse's November 26, 2008 order.**

Dated this 26th day of November 2008, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**
