IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SAMUEL K. LIPARI,** )<br>)<br>Plaintiff, )<br>) <br>v. )<br>)<br>)<br>**US BANCORP NA and** )<br>**US BANK NA,** )<br>)<br>Defendants. )<br>_____ ) | CIVIL ACTION<br><br>No. 07-2146-CM |

## MEMORANDUM AND ORDER

Plaintiff Samuel K. Lipari filed the instant action in Jackson County Circuit Court on November 28, 2006 (Jackson County Case No. 0616-CV-32307) against defendants US Bancorp NA and US Bank NA. On December 13, 2006, defendants removed the action to the United States District Court for the Western District of Missouri, Western Division, on the basis of diversity. On April 10, 2007, the United States District Court for the Western District of Missouri transferred the case to this court pursuant to 28 U.S.C. § 1404(a). On September 4, 2008, the court dismissed all of plaintiff's claims except plaintiff's misappropriation of trade secrets claim (Doc. 137). On October 15, 2008, plaintiff filed a Stipulation For Order Of Dismissal Of Remaining Claims Pursuant To Federal Rule Of Civil Procedure 41(A)(2) (Doc. 147), which is currently pending before this court.

In plaintiff's stipulation, he sought to withdraw his Motion for Leave to Amend Complaint, which had not been ruled on, and stipulate to the dismissal of his misappropriation of trade secrets claim with prejudice. In defendants' response to plaintiff's stipulation, defendants agreed to join the stipulation but only on the condition that the order of dismissal "reflect that plaintiff has been ordered to

pay defendants' attorneys' fees for his non-compliance as ordered in Doc. No. 115,[1] as well as all applicable costs of the action" (Doc. 153).  In his reply, plaintiff disputed the fees and would not agree to dismiss the claims with defendants' conditions (Doc. 155).

After filing his stipulation for dismissal and before defendants could respond to the stipulation, plaintiff appealed this lawsuit to the Tenth Circuit Court of Appeals.  On November 14, 2008, the Tenth Circuit Court of Appeals abated the appeal pending this court's resolution of plaintiff's stipulation for dismissal.  On November 26, 2008, Magistrate Judge Waxse ordered plaintiff to pay defendant's reasonable attorneys' fees and expenses in the amount of $700 (Doc. 158).  That same day, because plaintiff was unaware of the amount of fees he would be required to pay when he filed his stipulation for an order of dismissal, the undersigned judge issued an order giving defendant until December 10, 2008 to withdraw his stipulation for order of dismissal (Doc. 159).[2]  In that order, the court explained that if plaintiff failed to withdraw his stipulation, the court would dismiss plaintiff's misappropriation of trade secrets claim—the only claim remaining in this action—and order plaintiff to pay the reasonable attorneys' fees and expenses as ordered in Judge Waxse's November 26, 2008 order.  On December 8, 2008, plaintiff filed a second appeal with the Tenth Circuit.  On December 9, 2008, plaintiff filed a response to the court's orders regarding the withdrawal of his stipulation for dismissal.

---

[1] On August 18, 2008, Magistrate Judge Waxse ordered plaintiff to pay reasonable attorneys' fees and expenses related to defendants' Motion To Compel Compliance with Rule 26(a)(1).  Judge Waxse ordered the parties to file pleadings regarding the appropriate amount of the fees and expenses.

[2] The docket sheet incorrectly stated that had defendant until December 1, 2008, and, on December 5, 2008, the court issued a show cause order adjusting the date for plaintiff to withdraw his motion for stipulation to December 12, 2008.  The December 5, 2008, show cause order was not to prejudice plaintiff, but to ensure that he had adequate time to withdraw his stipulation for dismissal if he chose to do so.

Although plaintiff's response makes many allegations of bias and prejudice, he does not withdraw his stipulation for dismissal.[3] Pursuant to Federal Rule of Civil Procedure 41(a)(2), the court may allow a plaintiff to voluntarily dismiss an action "upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (quotation omitted). The court should grant a motion for voluntary dismissal "[a]bsent 'legal prejudice' to the defendant." *Id.* (quotation omitted). When determining "legal prejudice" the court is obligated to consider the novelty of the circumstances of the case. *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). The court should consider the relevant factors, including: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Id*. (citing *Phillips U.S.A., Inc. v. Allflex U.S.A., Inc.*, 77 F.3d 354, 358 (10th Cir. 1996)).

Under Rule 41(a)(2), the court may impose terms upon the dismissal of a plaintiff's claim, such as payment of attorneys' fees or a limitation on the refiling of certain claims. *See Gonzales v. City of Topeka Kan.*, 206 F.R.D. 280, 283 (D. Kan. 2001) (citing 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2366, at 305–314 (1995)). *Id*. (quoting *Am.Nat. Bank and Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991)). "'Conditions are designed to alleviate any prejudice a defendant might otherwise suffer upon refiling of an action.'"

After reviewing the record and the parties' briefs, this court finds that dismissing this case with the condition that plaintiff pay defendants' attorneys' fees pursuant to Judge Waxse's November 26,

---

[3] Plaintiff also alleges that his appeal divests this court of jurisdiction; however, the Tenth Circuit Court of Appeals abated the appeal pending this court's resolution of plaintiff's Stipulation For Order Of Dismissal Of Remaining Claims Pursuant To Federal Rule Of Civil Procedure 41(A)(2).

2008 order will not legally prejudice defendants.  Accordingly, plaintiff's stipulation for dismissal is granted and this case is dismissed.

**IT IS THEREFORE ORDERED** that plaintiff's Stipulation For Order Of Dismissal Of Remaining Claims Pursuant To Federal Rule Of Civil Procedure 41(A)(2) is granted.

**IT IS FURTHER ORDERED** that plaintiff shall pay defendants' reasonable attorneys' fees and expenses as ordered in Judge Waxse's November 26, 2008 order.

Dated this 12th day of December 2008, at Kansas City, Kansas.

    s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**